## AUGUST G. ELSER
### v.
## THERESIA HEINZER ET AL.

*Real Property—Partition—Costs and Fees—Apportionment.*

Upon an appeal from an order that certain costs and fees be allowed and made a lien upon premises named, a bill having been filed for partition thereof, the fact being, that subsequent to the report of commissioners that the premises were not susceptible of division, the party defendant procured conveyances to himself of the interests of complainants, this court holds, that when defendant made such purchases, no lien existed of which he was chargeable with notice; that the conveyances created no obligations on the part of defendant to the solicitors of complainants for fees or otherwise; and that under said purchases he was entitled to the interests of said complainants, free from any such lien.

[Opinion filed November 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Mr. THEODORE H. SCHINTZ, for appellant.

Messrs. ISHAM, LINCOLN & BEALE, for appellees.

WATERMAN, J.   Appellees filed their bill in the court below, asking for partition of certain premises in Cook county, and made August G. Elser a party defendant thereto.

Elser answered, setting up and claiming a larger interest in the premises than the bill conceded to him.  This larger interest appellees afterward, by an amendment of their bill, conceded.   There was an interlocutory decree in accordance with the amended bill.  Commissioners were appointed, who reported that the premises were not susceptible of division.

It was then made to appear to the court, that subsequent to such report, Elser, without the knowledge of solicitors for complainants, procured from complainants conveyances of their interests to him; that the complainants had, by power of attorney by them signed, employed one Leonard Myers, of Philadelphia, to recover their share of interest in said premises, agreeing to give him one-third of what he might recover; that Myers employed Messrs. Isham, Lincoln & Beale, and they filed the bill and prosecuted the suit for partition; that in the prosecution of said suit Myers paid out $38, and that the costs of said suit, unpaid, amount to $75; that complainants had not paid Myers anything on account of disbursements by him made, or for his services, or the services of solicitors employed by him (Myers) in said cause.  Myers, by Isham, Lincoln & Beale, his solicitors, asked the court, in accordance with the statute, to apportion the costs of said suit, including solicitors' fees, among the parties to said cause, and make them a lien on said premises.

Whereupon the court, finding that the costs and solicitors' fees were unpaid, ordered that the costs of the suit, amounting to $184, be made a lien upon the entire premises described in the bill, and that the sum of $250 be allowed as a solicitors' fee to complainants' solicitors, and the same be made a lien upon the interests of complainants in said premises; and on motion of solicitor for defendant Elser, ordered that the partition proceedings be discontinued, and that Elser be vested with the rights, titles and interests theretofore held and possessed by said complainants, subject to the liens reserved, as to which liens the court reserved power to make such

further orders as might be deemed necessary to enforce said liens. Elser appeals from so much of the decree as makes the $250 allowed complainants' solicitors a lien on said premises.

The statute of 1874, allowing the taxation as costs, of solicitors' fees in partition suits, received a construction in Cowdrey v. Hitchcock, 103 Ill. 262, in which the court say: " Where the defendants deem it necessary to employ counsel in order to protect their interests and receive a just partition, we can see no reason why they should be required not only to pay the fees of their own counsel, but also a part of the fees of adverse counsel."

It seems to have been necessary for defendant Elser to employ counsel, as the bill originally filed failed to set forth all the interest he possessed, and had he allowed it to be taken as confessed, he would have lost a life interest in one-half of the premises. He necessarily answered, setting up this life interest, and the complainants amended their bill to conform to his answer.

It is true that the original and amended bill make but one bill, but because, after amendment, the complainants' bill correctly stated the title, it does not follow that there was in the suit no necessity for his employing counsel. He deemed it necessary, did employ, and as it seems with—to him—good effect.

Mr. Myers may have reason to complain of the action of those whose attorney he alone was, but his agreement with them certainly as against Elser, who, it does not appear, knew anything about the arrangement, gave him no lien upon the premises.

Elser was, before his purchase, under no obligations to either Myers or the solicitors whom he employed, and the conveyances to him created none.

There does not appear to have been any lien upon the interests of complainants at the time Elser purchased of them, with which Elser was charged with notice, and we see no reason why the claim Myers or complainants' solicitors had against complainants should, after Elser's purchase, be made a lien upon their interest, and Elser compelled to pay it. Elser

had the same right as a person not a party to the suit, to purchase, and is entitled to have just what he bought, viz., their interests, without lien for solicitors' fees thereon.

Decree reversed in part and remanded, with directions to modify the decree in accordance with this opinion.

*Reversed in part and remanded.*