ANNA L. HARTWELL

*v.*

HATTIE DEVAULT *et al.*

*Filed at Springfield January 17, 1896.*

1. DOWER—*when wife must elect—exchange of lands.* An exchange of lands which will require a wife to elect between those conveyed and those received, in asserting her dower right, under the Revised Statutes of 1874 (p. 425, sec. 17,) and at common law, is a mutual grant of estates equal in quantity though not necessarily in value.

2. SAME—*wife need not elect unless word "exchange" is used.* The word "exchange" is essential to a deed of exchange which will require a wife to elect in choosing dower between the lands conveyed and those obtained by her husband.

3. SAME—*what not an exchange requiring wife to elect.* A conveyance of lands in which the wife of the grantor joins in consideration of a note, for which the grantee transfers an undivided interest in other lands and also other property, does not constitute an "exchange" of the lands such as to prevent the wife from claiming dower in the lands acquired, and also retaining the consideration received for the release of her dower in the lands conveyed.

4. SAME—*when note received by wife in exchange is not in lieu of dower.* A note received by a wife in consideration of her release of dower in lands conveyed by her husband, in part payment for which the husband receives an interest in other lands, is not such a provision as will compel her to elect between the collection of the note and the claim of dower in the lands acquired, in the absence of a release of dower in the latter,—at least if it is not clear that her husband intended to exclude her dower in the lands acquired.

5. COSTS—*when solicitor's fee will not be taxed, in partition.* The fee of the complainant's solicitor in a partition suit will not be taxed against the defendants, where the omission of the original bill to include necessary defendants renders it necessary for defendants to employ counsel to protect their interests, and the case is hotly contested.

APPEAL from the Circuit Court of Greene county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

The original bill in this cause was filed on July 19, 1894, by Anna L. Hartwell, widow of Cyrus Hartwell, for dower in and partition of the lands described therein, alleging that the said Cyrus Hartwell died on June 4, 1894,

seized in fee simple of the lands therein described, leaving
no child or children or descendants of child or children,
but leaving complainant, Anna L. Hartwell, his widow,
and the defendants, his sisters and nephews and nieces,
as his only heirs-at-law, alleging, that, by the death of
Cyrus Hartwell, the complainant below, appellant here,
became entitled as heir to one-half of said lands in fee
simple, subject to the mortgages therein described, and
dower in the remaining half, subject to said mortgages;
setting forth the interests of the parties named in the
original bill, and praying for partition and assignment
of dower. On September 17, 1894, complainant filed an
amendment to her bill, making Anna Mary Hartwell and
Eathel Aaron Hartwell new parties thereto and claiming
homestead. A guardian *ad litem* was appointed by the
court for the minor heirs, who answered; the adult de-
fendants filed answers, denying the complainant's right
to dower in the premises, as claimed in the bill. The
answer, filed by the sisters of deceased and certain of
his nieces, alleged that the complainant was not entitled
to dower, upon the ground that, on the 10th day of May,
1887, the said Cyrus Hartwell was the owner in fee of
certain lands situated in Vermilion and Scott counties,
Illinois, and that John Leemon was, on the same day,
owner in fee of an undivided one-half of certain lands in
Greene county, and that, on the same day, the said Cyrus
Hartwell and John Leemon agreed to make, and they did
make, an exchange of lands as follows : the said Cyrus, by
his deed of that date, his wife Anna L. Hartwell joining
therein, conveyed to John Leemon said land in Vermilion
and Scott counties, valued at $32,000.00, out of which was
deducted a mortgage upon said land for $12,000.00; and
said John Leemon, by his deed of that date, his wife join-
ing therein, conveyed to said Cyrus Hartwell, in exchange
for the land so deeded to him by Cyrus Hartwell, his undi-
vided one-half interest in said lands in Greene county.
The answer further avers, that the complainant, when she

joined in the conveyance to John Leemon, had no other interest in the lands therein conveyed than an inchoate right of dower, and that it was then and there agreed between her and her husband, that, in consideration of her release of her right of dower in the premises conveyed and exchanged with the said Leemon, he, the said Hartwell, would execute and deliver to her, and she would accept from him, his note bearing date May 10, 1887, for $10,000.00, due one day after date, with interest thereon until paid. Defendants further alleged, that the said Hartwell, in consideration of the release of dower, executed and delivered said note to said complainant on said day, and that, since the death of her husband, to-wit: on October 14, 1894, the complainant, having previously filed the said note as a claim against her husband's estate, obtained judgment thereon in the county court of Greene county for $15,082.78, which judgment is still in force and effect. The defendants further averred, that, by force of section 17 of chapter 41 of the statutes of Illinois, the complainant could not have dower in both lands given and those taken in exchange, and that, by making said agreement with her husband, and by accepting said note, the complainant elected to take her dower from the lands given in exchange, and is estopped from claiming dower in the lands received in exchange by the said Hartwell from the said Leemon. The defendants further averred, that the lands conveyed by Leemon to Hartwell were valued at $20,000.00.

The trial court rendered a decree for partition, finding the allegations in the answer of the defendants as to the exchange of lands with John Leemon, to be true, and that, by reason of the statute aforesaid, the complainant was precluded from claiming dower in lands conveyed by Leemon to Hartwell,—to which part of the decree exceptions were taken. The commissioners reported the premises to be incapable of division, and appraised them at $100,780.00. Complainant assented to the sale of the

homestead and dower without waiving any claim to full amount of dower; a decree was rendered, approving the report of the commissioners of said sale; the court also found the sum of $1200.00 to be a reasonable fee for complainant's solicitors, and overruled a motion by complainant to have the said fee taxed as costs and apportioned among the parties in interest, so that each should pay his or her equitable proportion thereof, but decreed that it be paid out of complainant's interest.

It appears from the evidence, that Cyrus Hartwell and John Leemon each owned an undivided one-half of certain lands in Greene county, and that the land so conveyed by Leemon to Hartwell was the undivided one-half thereof owned by Leemon. One of the witnesses testified, that there was some money due Leemon, which he had advanced, in excess of his half, in purchasing the land in Greene county.

Upon the hearing of the cause in the court below, an agreement, dated May 10, 1887, between Cyrus Hartwell and his wife, the present appellant, was introduced in evidence, wherein, after reciting that the parties thereto were the owners in law of certain lands in Vermilion county, which were about to be sold for $32,000.00, subject to a mortgage executed by the parties thereto for $12,000.00, and that the first party, Cyrus Hartwell, was engaged in reclaiming a large tract of land in Greene county, requiring the expenditure of large sums of money, said first party agreed to set over and to pay for the wife's sole and absolute use a sum of $10,000.00; and the said second party, Anna L. Hartwell, in consideration of the premises, therein agreed to join, and did join, first party in the conveyance of said land. There were also introduced in evidence a deed dated May 10, 1887, executed by Cyrus Hartwell and Anna L. Hartwell his wife, to John Leemon, conveying, in consideration of $24,000.00, certain lands in Vermilion county, subject to highway easements and a mortgage for $8500.00, and to a lease

theretofore executed of certain portions of said lands to certain parties therein named; also a deed, executed by Cyrus Hartwell and his said wife, to said John Leemon, conveying, in consideration of $8000.00, certain lands in Vermilion county, subject to railway and highway easements, and subject to a mortgage of $3500.00 and the said lease for three years; also a deed, dated May 10, 1887, executed by John Leemon and wife to Cyrus Hartwell, quit-claiming, in consideration of $12,000.00, his interest in certain lands in Greene county; also an agreement, dated May 10, 1887, executed between Cyrus Hartwell of the first part and John Leemon of the second part, the material provisions of which are stated in the opinion.

FRANK A. WHITESIDE, for appellant.

J. H. DYER, and THOMAS HENSHAW, for appellees:

Dower, like any other right, may be barred by acts and conduct sufficient to constitute an equitable estoppel. *Smiley* v. *Wright*, 2 Ohio, 511; *Dangery* v. *Topping*, 4 Paige, 94; *Ellis* v. *Diddy*, 1 Ind. 562; *Connelly* v. *Branstler*, 3 Bush, 702; *Collins* v. *Woods*, 63 Ill. 285; *Allen* v. *Allen*, 112 id. 323.

A widow may also bar her dower by entering into conveyances or contracts inconsistent with the right and claim of dower. *Hoppin* v. *Hoppin*, 96 Ill. 265; *Lenfers* v. *Henke*, 73 id. 405; *Magee* v. *Mellow*, 23 Miss. 585; *Carter* v. *Walker*, 2 Ohio St. 339.

If the defendants employ counsel, although the complainant may afterwards amend the bill so as to properly set out the rights of all the parties, he should not be allowed to have any part of his solicitor's fee taxed against the defendants. *Elser* v. *Heinzer*, 37 Ill. App. 298; *Stunz* v. *Stunz*, 131 Ill. 210; *Cowdrey* v. *Hitchcock*, 103 id. 262.

Where a claim for dower is inconsistent with some other provision made for the widow, she will be compelled to elect which she will take. If she elects and takes the benefit of such provision made for her, she will be barred and estopped from claiming dower. She can

not claim both. *Warfield* v. *Castleman,* 5 T. B. Mon. 517; *Taggard's Appeal,* 99 Pa. St. 627; *Endicott* v. *Endicott,* 41 N. J. Eq. 93; *Lively* v. *Paschel,* 35 Ga. 218; *Hamilton* v. *Buckwalter,* 2 Yeates, 389; *Evens* v. *Evens,* 3 id. 507; *Jones* v. *Powell,* 6 Johns. Ch. 194; *Parham* v. *Parham,* 6 Humph. 287; *Birmingham* v. *Kirwan,* 2 S. & L. 444; *Apperson's Exr.* v. *Bolton,* 29 Ark. 418; *Lord* v. *Lord,* 23 Conn. 327; *Allen* v. *Chatfield,* 47 id. 276; *Tobias* v. *Ketcham,* 32 N. Y. 319; *Worthen* v. *Pierson,* 33 Ga. 385; *Colgate's Exr.* v. *Cole,* 23 N. J. Eq. 372; *Adams* v. *Story,* 135 Ill. 457.

Any provision made by a husband for his wife, during coverture, in lieu of dower, puts her to an election to take it or dower. If, after the husband's death, she accepts such a provision, she bars herself of dower. 5 Am. & Eng. Ency. of Law, 911.

Where a complainant in a partition suit improperly sets out interests of the parties, and by an amended bill sets them out correctly, in accordance with the answer of defendant, the defendant should not be required to pay any of complainant's solicitor's fees. *Elser* v. *Heinzer,* 37 Ill. App. 298.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The question is, whether appellant is entitled to dower in the lands in Greene county conveyed by John Leemon to her husband, Cyrus Hartwell, on May 10, 1887. By joining with her husband, in consideration of his giving her a note for $10,000.00, in the execution on the same day of a deed to Leemon of the lands in Vermilion and Scott counties, and by entering up judgment, after his death, upon this note against his estate, did appellant waive the right to claim dower in the lands in Greene county? The answer to this question depends upon the further question, whether there was such an exchange of lands between her husband and Leemon, and such an

election on her part, as are contemplated by section 17 of the Dower act of this State.

Said section 17 is as follows: "If a husband or wife seized of an estate of inheritance in lands exchange it for other lands, the surviving husband or wife shall not have dower of both, but shall make election, as hereinbefore provided, to be endowed of the lands given or those taken in exchange; and if such election be not evinced by the commencement of proceedings for the recovery and assignment of dower in the lands given in exchange, within one year after the death of such husband or wife, the survivor shall be deemed to have elected to take dower of the lands received in exchange." (2 Starr & Cur. Stat. p. 904).

The contention of appellees is, that the lands in Greene county were acquired by Cyrus Hartwell in exchange for the lands in Vermilion and Scott counties; that the consideration for the note was the release by appellant of her inchoate right of dower in the lands in Vermilion and Scott counties; that the note was held by her in lieu of, and that it represented, her inchoate right of dower in the lands given in exchange; that after the death of her husband she had a right to elect whether she would be endowed of the lands given (which were represented by the $10,000.00 note) or those taken in exchange; that by filing the note as a claim against her husband's estate, and obtaining judgment thereon within a year after his death, she thereby elected to take the thing representing her dower in the lands given in exchange, and is now legally and equitably precluded or estopped from claiming dower in the lands taken in exchange. It is not claimed, that her election was or could be "evinced by the commencement of proceedings for the recovery and assignment of dower in the lands" alleged to have been "given in exchange," that is to say, in the lands in Vermilion and Scott counties, because she released her dower in these

lands by uniting with her husband in the conveyance of them to Leemon.

What we regard as the fatal objection to the theory of appellees is, that there was not such an "exchange" of lands as is contemplated by the statute. The word, "exchange," as used in the statute, has the same meaning which it had at common law. (1 Scribner on Dower, p. 286, sec. 11; 1 Washburn on Real Estate, marg. p. 158, sec. 11). The rule, that a widow is not to be endowed of both parcels of land exchanged, is as ancient as the common law. (*Cass* v. *Thompson*, 1 N. H. 65). "An *exchange*," as defined by Blackstone, "is a mutual grant of equal interests, the one in consideration of the other. The word 'exchange' is so individually requisite and appropriated by law to this case, that it cannot be supplied by any other word, or expressed by any circumlocution. The estates exchanged must be equal in quantity, not of *value*, for that is immaterial, but of interest; as fee simple for fee simple, a lease for twenty years for a lease for twenty years, and the like." (2 Blacks. Com. marg. p. 323; 1 Scribner on Dower, p. 284, sec. 7). The word "exchange," when used in reference to real estate, has at common law the definite and well-defined meaning above expressed by Blackstone. (7 Am. & Eng. Ency. of Law, p. 115; 5 id. 892, and cases in note).

It is not sufficient, that the parties make ordinary deeds, for the deed must be one of exchange, and to that mode of conveyance the word "exchange" is essential. (*Cass* v. *Thompson, supra*). In *Wilcox* v. *Randall*, 7 Barb. 633, it was held, that the word, "exchange," as used in a statute, like ours, which provides, that, if a husband seized of an estate of inheritance in lands exchange them for other lands, his widow shall not have dower of both, but shall make her election within a year, etc., is to receive the same interpretation which is applied to it when used at common law, in reference to that species of conveyance; and it was also there held, that there is no exchange

of equal interests where a part of the consideration con-
sists of money or personal property, and a part of land.
In *Long* v. *Fuller*, 21 Wis. 122, it was held, that a power of
attorney to "exchange and convey" a certain lot for other
real estate did not authorize the attorney to purchase
land to be paid for in part by an assignment of the prin-
cipal's interest in said lot (under a contract of sale), and
the remainder and greater part in money. (See, also,
*Mahoney* v. *Young*, 3 Dana, (Ky.) 588).

An application of the rules thus laid down to the
facts of this case shows, that there was here no "exchange"
of lands within the common law meaning of that term.
The deeds executed by the parties not only do not make
use of the word, "exchange," but, when considered in con-
nection with the contract made on the same day and with
all the other evidence, they do not amount to "a mutual
grant of equal interests, the one in consideration of the
other."

The consideration, expressed in the conveyances of the
Vermilion county lands, was $32,000.00, subject to mort-
gages amounting to $12,000.00, making $20,000.00. There
is no evidence contradicting the consideration thus named
in the deeds. We are not referred to any deed in the
record of the Scott county lands, nor does the contract
of May 10, 1887, between appellant and her husband men-
tion any lands in Scott county; but one of the witnesses
states, that the lands in Scott county conveyed by Hart-
well to Leemon were valued at $717.03. Whether the ac-
tual consideration for the lands transferred by Hartwell
to Leemon was $20,000.00 or $20,717.03, they were not so
transferred in exchange for the lands in Greene county
alone, but for Leemon's one-half interest in the lands in
Greene county and certain personal property and other
interests and equities, described in the contract executed
on May 10, 1887, between Hartwell and Leemon, who
seem to have been partners in the ownership of the
Greene county lands, and in an undertaking for reclaim-

ing and "leveeing" those lands. The deed from Leemon to Hartwell of the former's interest in the Greene county lands was executed for a consideration therein expressed of $12,000.00, and there is nothing in the testimony to show, that such was not the real consideration for that conveyance. How, then, did Leemon pay the balance of the $20,000.00, or $20,717.03, for the Vermilion and Scott county lands over and above the $12,000.00? Manifestly, as it seems to us, by turning in the personal property and other interests mentioned in the contract between Hartwell and Leemon. That contract recites, that Leemon grants, bargains, sells, conveys and assigns to Hartwell all his interest in all personal property held under the name of Hartwell & Leemon, consisting of cattle, horses, mules, hogs, agricultural implements, leveeing tools and machinery and other articles, and one leveeing machine then being constructed in Ohio; and also all his interests in any rights, profits, equities, contracts, mortgages and lands, made or obtained under a contract theretofore made by Hartwell and Leemon with one White, which latter contract evidently had reference to the lands in Greene county; and also all his claims for money advanced, or borrowed by him, and turned over by him, to be used in the purchase of lands and in the management of the business under the White contract; and the contract between Hartwell and Leemon further recites that, in consideration of the sale and assignment of the personal property, interests and claims above mentioned by Leemon to Hartwell, Hartwell has executed to Leemon deeds conveying titles to lands in Vermilion county and an interest in lands in Scott county, and has agreed with Leemon to carry out the obligations of the White contract, and to pay all debts created or to be created by that contract, and to hold Leemon harmless from the same.

Now, it is quite apparent, that there was no common law exchange of Hartwell's lands in Vermilion and Scott counties for Leemon's interest in the lands in Greene

county, but that there was a sale by Hartwell of his lands in Vermilion and Scott counties to Leemon for about $20,000.00, and that Leemon paid for such lands by turning in his interest in the Greene county lands, and in the personal property, and in the equities and claims growing out of the White contract. That Hartwell regarded the transaction as a sale is shown by the following recital in his contract with his wife, made on May 10, 1887: "Whereas, the parties hereto are the owners, in law, of certain lands in Vermilion county and State of Illinois, which are about to be sold for $32,000.00, subject to a mortgage heretofore executed by the parties hereto, amounting to $12,000.00."

The evidence tends to show, that Cyrus Hartwell had accumulated some 640 acres of land in Vermilion county, worth more than $20,000.00, by the joint efforts of himself and his wife, the appellant, where they had their home and had lived for years; that she hesitated about conveying away this land in order to try the uncertain experiment of going to a new home in Greene county, and there engaging "in reclaiming a large tract of land;" that, accordingly, he agreed "to set over and to pay for her sole and absolute use the sum of $10,000.00," whereupon she joined him in the conveyance of the Vermilion county land. But she entered into no conveyance or contract inconsistent with the right and claim of dower in the lands of which her husband died seized. The provision, made for her by the execution and delivery of the note, was not such a provision, as would compel her to elect between the collection of the note, and dower in the Greene county lands which her husband purchased from Leemon. She made no contract releasing her dower in the Greene county lands, nor is it clear that it was the intention of her husband to exclude her right of dower in those lands by a gift of the note.

In *Birmingham* v. *Kirwan*, 2 Sch. & Lef. 444, it was said by the Lord Chancellor: "It is, however, to be collected

from all the cases, that as the right to dower is in itself a clear legal right, an intent to exclude that right by voluntary gift must be demonstrated either by express words or by clear and manifest implication. If there be anything ambiguous or doubtful,—if the court cannot say that it was clearly the intention to exclude,—then the averment that the gift was made in lieu of dower cannot be supported."

"The intention of substituting something in place of dower must be manifested. The intention must be plain." (*Mitchell* v. *Word*, 60 Ga. 525).

Our conclusion is, that appellant has not waived her right of dower in the lands in Greene county, and that the decree below was erroneous in not awarding her her dower therein.

In its decree, the circuit court refused to apportion the fee of complainant's solicitor, so as to compel the defendants to pay such portions thereof as corresponded to their respective interests in the lands described in the bill.

The statute provides, that, in all proceedings for the partition of real estate, where the rights and interests of all the parties are properly set forth in the petition or bill, the court shall apportion the costs, including the reasonable solicitor's fee, among the parties in interest in the suit, etc. (3 Starr & Cur. Stat. p. 935). We have held, in regard to this statute, that, where the proceedings are not amicable, and the defendants deem it necessary to employ counsel in order to protect their interests, and secure a just partition or an equitable assignment of dower, they should not be required to pay the fees of adverse counsel, as well as of their own counsel. (*Cowdrey* v. *Hitchcock*, 103 Ill. 262; *Stunz* v. *Stunz*, 131 id. 210; *Elser* v. *Heinzer*, 37 Ill. App. 298). Here, the appellant neglected in her original bill to make two tenants in common with her parties to the bill; and their names and interests were brought to the attention of the court by the answers to the original bill; so that appellant afterwards amended

her· bill, making these persons parties defendant, and also setting up her homestead right, which had not been referred to in the original bill. This omission seemed to render it necessary to employ counsel to protect the interests of the omitted defendants, and, taken in connection with the fact, that the proceeding has not been an amicable one, but hotly contested by the parties, justified the court below in refusing to tax the fee of complainant's solicitor against the defendants. We do not regard the decree as being erroneous in this respect.

For the error in refusing to award dower to the appellant, the decree of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*