### R. O. Smith, Appellee, v. George Hard et al., Appellants.

PARTITION—*when solicitor's fees not taxable as costs.* If the complainant's solicitor has neglected to make one having an interest in the premises partitioned a party to his bill and such interest is brought to the attention of the court for the first time by answer to the original bill and by cross-bill, an award of solicitor's fees taxable as costs is unauthorized.

Partition. Appeal from the Circuit Court of Pike county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the May term, 1908. Reversed. Opinion filed November 17, 1908.

GEORGE C. WEAVER and HENRY BUSH, for appellants.

JEFFERSON ORR and EDWARD YATES, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Roy O. Smith filed a bill for partition in the Circuit Court of Pike county against appellants, George M. Hard and Charles D. Hard, in which he prayed for the partition of certain premises in said Pike county. Partition of the premises was made and in the final decree rendered, a solicitor's fee of $100 was allowed appellee's solicitor, from which order allowing such fee an appeal has been perfected.

In the petition for partition as presented by Smith he set up that he, George M. Hard and Charles D. Hard each owned an undivided one-third of the property

sought to be divided and that no other person had any interest in the premises.

George M. Hard, Charles D. Hard and J. M. Bush, administrator of the estate of one John C. Hard, deceased, appeared and filed an answer and cross-bill in which in substance it was denied that the interests of the parties were correctly set up in the original bill; denied that no party other than Smith, George M. Hard and Charles D. Hard was interested in the premises and set up affirmatively that said John C. Hard at the time of his death owned the undivided two-twentieths of the premises involved; that J. M. Bush had been appointed administrator of his estate and that it was necessary to sell and apply all the proceeds of the sale of said John C. Hard's interest to the payment of his debts.

There was a decree, approving the master's report and findings, in which decree the court found that at the time of his death John C. Hard owned an undivided two-twentieths interest in the premises and that all of his said interest was needed to pay the debts against his estate.

Under such circumstances the solicitor's fees were not taxable under the statute. Appellee neglected to make one having an interest in the premises, a party defendant to his bill and such interest was brought to the attention of the court for the first time by answer to the original bill and cross-bill. This was sufficient to defeat the claim for solicitor's fees. Hartwell v. De Vault, 159 Ill. 325.

The order allowing solicitor's fees is reversed.

*Reversed.*