# CHARLESTON.

## HILL v. HORSE CREEK COAL LAND CO.

Submitted February 7, 1911.   Decided January 23, 1912.

1. DOWER—*Release—Effect of Deed.*

    A deed, signed, sealed and acknowledged by a husband and wife, which, not naming the wife in the body thereof, makes her a grantor by the designation of wife of the other grantor, is the deed of the wife as well as of the husband and relinquishes her dower in the land.   (p. 223).

2. ACKNOWLEDGMENT—*Sufficiency of Certificate—Abbreviation.*

    Abbrevation of the word "wife" thus, "wi", in a certificate of the privy examination of a married woman, respecting her execution of a deed, and her acknowledgment thereof, does not invalidate the certificate.   (p. 224).

3. CANCELLATION OF INSTRUMENTS—*Bona Fide Purchaser—Effect of Purchase in Good Faith.*

    Fraud in the procurement of a deed is unavailing in a suit to set it aside against a *bona fide* purchaser without notice and for value.   (p. 224).

4. ACKNOWLEDGMENT—*Evidence to Impeach.*

    Denial of the execution of a deed and acknowledgment thereof, unaided otherwise than by the facts that the signature is by mark and the party could write and denies having ever signed any papers by mark, is not sufficient to overcome a certificate of acknowledgment, nearly thirty years old and pronounced genuine by the officer who certified the acknowledgment.   (p. 224).

Appeal from Circuit Court, Boone County.

Bill by Mary A. Hill against the Horse Creek Coal Land Company. From a decree for plaintiff, defendant appeals.

*Reversed and Bill Dismissed.*

*W. L. Ashby,* for appellant.

*H. W. B. Mullins* and *L. Fulton,* for appellee.

POFFENBARGER, JUDGE:

The decree here complained of sustained a bill for assignment of dower in a tract of land, despite and against the deed of the alleged complainant, on the theory of a fatal defect therein, apparent on its face, and forgery of the signature and certificate of acknowledgment.

The deed purports to, and did, as to the husband of the complainant, convey this land in exchange for three other tracts, which the deceased husband seems to have conveyed away in his lifetime by deeds in which his wife joined, so as to pass her inchoate right of dower, although the testimony leaves some doubt as to this. Assuming these lands not to have been so conveyed, the widow would have had the right to elect whether she would take her dower out of the land here in controversy or the lands obtained in exchange therefor, and could not be endowed of both. *Stevenson* v. *Brasher,* 90 Ky. 23; *Mahoney* v. *Young,* 3 Dana (Ky.) 588, 20 Am. Dec. 114; *Hartwell* v. *De Vault,* 159 Ill. 325; *Wilcox* v. *Randall,* 7 Barb. 633; *Towsley* v. *Smith,* 12 U. C. Q. B. 555; *Stafford* v. *Truman,* 7 U. C. C. P. 41; *White* v. *Laing,* 2 U. C. C. P. 186. This being true, and dower not appearing to have been obtained or sought in the lands taken by way of exchange, this suit would be an election to take it out of these lands. Assuming the lands obtained in exchange for this tract to have been conveyed away, the joinder of the wife in the deeds by which they were disposed of seems not to have been an election to take dower therein. Such was the holding in *Mahoney* v. *Young,* cited, and *Stevenson* v. *Brasher,* cited, the only cases found bearing upon the question. We deem it unnecessary, however, to assert either of these propositions as matter of decision, since, in our opinion,

the deed is good on its face, and the other objections to it unsustained.

Omission of the name of the wife from the body of the deed is the basis of a contention that she was not a party to it, notwithstanding her signature and the certificate of acknowledgment, if both are genuine, since the mere signing, sealing, acknowledgment and delivery of a deed, in the body of which the party is not mentioned, are insufficient to make him a grantor. Though her name was not inserted in the body of the deed, that instrument recites that it was made by Spencer Hill and ————————,. his wife, and asserts that the said Spencer Hill and ——————————, his wife, did grant the tract of land. The deed thus purports to have been made for and on behalf of two persons, Spencer Hill and his wife, and contains words of grant applicable to both of them. If, therefore, it is not operative as to the wife, it must be merely because her name it not used despite the fact that it contains words by which she could be identified with absolute certainty as one of the grantors. We think this amply sufficient. In *Laughlin Bros. & Co.* v. *Fream,* 14 W. Va. 322, and *Adams* v. *Medsker,* 25 W. Va. 127, relied upon by the appellee, the party signing the deeds and held not to have been parties thereto were not referred to in the bodies of the instruments in any manner whatever. They contained no language sufficient to connect them therewith. Hence, these decisions do not sustain her contention. The conclusion here stated is in accord with the text of Washburn on Real Prop., sec. 2115, reading: "The object of the names being merely to distinguish one person from another, it seems to be sufficient if this is effected, though the true name of the party be not used, or even no name at all. The general principle is *id certum est quod certum reddi potest;* and a man may be described by his office or his relationship to a known person." Agreeably to this principle, a patent from the United States government to the heirs of Isabella Morrison, deceased, without further words of description or the insertion of any names, was held sufficient. *Blomberg* v. *Montgomery,* 55 N. W. Rep. 56. So a deed in which the grantors described themselves as "we, the heirs and devisees of Sarah Stearns," was held sufficient in *Blaisdell* v. *Morris,* 75 Me. 542.

The certificate of acknowledgment is not informal nor defective in any respect except in that it abbreviates the word "wife" thus: "wi." The justice certifies that Mary Hill the "wi" of Spencer Hill appeared before him in his county and was examined privily and apart from her husband and, having had the writing fully explained to her, acknowledged the same to be her act and declared that she had willingly executed the same and did not wish to retract it. We do not regard the abbreviation as anything more than a mere formal defect. Nobody could be mislead by it and it could have been intended for nothing other than the word "wife." Its context proves this. A substantial compliance with the statute is all that is required. *Bensimer* v. *Fell,* 35 W. Va. 15; *Pickens* v. *Kniseley,* 29 W. Va. 1.

The deed was made on the 5th day of January, 1877, and was admitted to record on March 21, 1877. In 1883, the grantors therein conveyed to Julian Hill. In 1901, Julian Hill and wife conveyed to J. R. Wingfield, trustee. In June, 1904, Wingfield and others conveyed it to the Horse Creek Coal Land Company, a corporation, the defendant in this suit. The record contains no evidence whatever of any notice to the defendant of any fraud or imposition practiced upon the complainant. Except for fraud or collusion, the certificate of acknowledgment is conclusive upon the grantor, and such fraud, coercion or collusion could not affect a *bona fide* purchaser for value without notice, such as the defendant appears to be. *Pickens* v. *Kniseley,* 29 W. Va. 1-10; *Whitehorn* v. *Hines,* 1 Munf. 557. A deed fraudulently procured is not absolutely void, but voidable only. Hence it passes the title, and, if this reaches the hand of a person who is not a party to the fraud and has no notice of it and is a purchaser for value, the injured party has no remedy against a subsequent purchaser in good faith without notice and for value. We think it clear, therefore, that no relief can be had against this deed in the hands of the defendant, unless it is for some reason absolutely void.

Though the bill charges forgery thereof, which would make it absolutely void, if proven, *Middleton* v. *Findla,* 25 Cal. 76, *Cole* v. *Long,* 44 Ga. 579, *McGinn* v. *Tobey,* 62 Mich. 252, *Pry* v. *Pry,* 109 Ill. 466, Dev. on Deeds (3rd Ed.) secs. 240, 726, the evidence does not sustain the charge. All we have is the denial

of the signature and acknowledgment, accompanied by proof of the ability of the complainant to write, variation of the form of the signature from that generally used by her and her protest that she had never signed a deed by mark or had anybody write her signature to one for her. There is no proof of any fabrication of the deed by any person. It is the genuine deed of her husband. At the time of the institution of this suit, it had been in existence for 29 years and the grantees and those claiming under them had never been disturbed or their title to the land questioned. The husband had taken and held or disposed of the other lands obtained by way of exchange. The justice who took the acknowledgment testifies that the certificate thereof bears his signature and is genuine and that he would not have signed it, if the complainant had not appeared before him and acknowledged it in the manner and form certified. He does not remember the actual presence of the parties on the occasion, but this signifies nothing in view of the long lapse of time. His failure of memory as to the circumstances indicates very strongly that the complainant herself may be laboring under a failure of recollection. After this long lapse of time, during which she never questioned the genuineness of the deed or certificate, her unsupported statement cannot be allowed to prevail over a solemn judicial record. The burden of proof is upon her. She is now 65 years old. Thirty years had elapsed from the date of the deed when she testified. Under such circumstances, it is fair to say failing and treacherous memory should not prevail over a solemn contemporaneous memorial, sustained by the testimony of a reputable citizen who made it. Some authorities hold that the official certificate of the officer cannot be overthrown by the unsupported evidence of the grantor that he did not make the deed. *Sassenburg* v. *Useman*, 182 Ill. 341; *Oliphant* v. *Liversidge*, 142 Ill. 160; *Swett* v. *Large*, 122 Ga. 267. That a grantor can write is not sufficient to overcome the certificate of the notary as to the execution of a deed by mark. *Gritten* v. *Dickerson*, 202 Ill. 372. The evidence to impeach a certificate must be clear and convincing and establish the fact beyond a reasonable doubt. *Pickens* v. *Kniseley*, 29 W. Va. 1; Dev. Deeds (3rd Ed.) sec. 529. We have here no evidence of any facts or circumstances, corroborating the denial of the plaintiff, except

her ability to write. No motive in any person for the crime of forgery is shown, nor have we any evidence tending in the slightest degree to prove the commission thereof.

These conclusions and principles necessitate reversal of the decree and dismissal of the bill.

.        *Reversed and Bill Dismissed.*