# CHARLESTON.

MANKIN v. DAVIS *et al.*

Submitted October 8, 1918.  Decided October 22, 1918.

1. EQUITY—*Jurisdiction—Conflicting Liens.*

   Generally equity has jurisdiction to adjudicate conflicting liens upon property when the parties claim under a common grantor and the legal title is not involved.  (p. 760).

2. PLEADING—*Proof of Handwriting—Statute.*

   Without a pleading specifically denying the making of a written instrument, duly sworn to, by the pleader as provided by sec. 40, ch. 125 of the Code, no proof of the handwriting is required. (p. 761).

3. FRAUDULENT CONVEYANCES—*Deed of Trust—Fraud—Invalidity.*

   If a deed of trust on real or personal property be executed in anticipation of liability to be incurred by the grantor, to a third person, and to defraud him, it may as against such third person be set aside as fraudulent and void.  (p. 761).

4. SAME—*Transaction Between Father and Son—Good Faith—Consideration—Shifting of Burden of Proof.*

   Where the transaction is between father and son or other near relatives, but slight evidence is required to shift the burden of

showing the *bona fides* of the transaction and a consideration therefor deemed valuable in law.  (p. 761).

5.  *Acknowledgement—Impeachment—Testimony    of    Officer—Direct or Collateral Proceeding.*

An officer taking an acknowledgment to a deed is incompetent as a witness in a collateral proceeding to impeach his official act. But in a direct proceeding to set aside the instrument for fraud, he is competent to prove that he was imposed upon and honestly led to believe that the person who acknowledged the instrument was in fact the person named in the instrument.  (p. 762).

Appeal from Circuit Court, Raleigh County.

Bill for injunction by L. E. Mankin against Albert Davis and others.  Decree for plaintiff, and defendant Albert Davis appeals.

*Affirmed.*

*J. W. Maxwell* and *J. Q. Hutchinson,* for appellant.

*C. M. Ward* and *A. P. Farley,* for appellee.

MILLER, JUDGE:

Claiming right and title to a certain stave mill, consisting of boiler, engine, saw-rig, saws, shafting, belting, tools and appliances connected therewith and used in operating said mill, first by deed of trust thereon in his favor executed by the defendant Mrs. G. E. Davis to G. T. Trump, trustee, on October 7, 1915, to secure him the payment of fifteen hundred dollars represented by her notes therein described, and, second by absolute purchase thereof from her subsequent to October 7, 1915, complainant by his original and amended bills sought to enjoin, restrain and inhibit the defendants Albert Davis and G. T. Trump, trustee, from making sale of said property, as then advertised and proposed by them under a prior deed of trust purporting to have been executed by the said G. E. Davis to G. T. Trump, trustee, on May 15, 1913, to secure to said Albert Davis the payment of the sum of two thousand dollars.

The bill alleges that prior to the purchase of said property by plaintiff, and the date of his deed of trust thereon, Albert Davis had released of record his deed of trust of May 15, 1913, but that regardless of such release and in violation of

plaintiff's rights as creditor and purchaser of the property, Davis and his trustee Trump had advertised and were proposing to sell said property and thereby to deprive plaintiff of his rights and to becloud his title, wherefore the prayer for injunction and decree aforesaid. Upon the filing of the original bill a preliminary injunction was awarded.

Upon the filing of the demurrer and answer of Albert Davis to the original bill, the answer denying the validity of said release deed and that he had ever executed or authorized the execution thereof, and praying that the same might be declared null and void and removed as a cloud on his right and title, plaintiff tendered and filed his amended bill making the said G. E. Davis and Ira Davis parties defendant thereto, reaffirming the allegations of his original bill and making the same a part thereof, and by way of amendment further alleged that since the filing of his original bill he had learned that the said G. E. Davis in truth and in fact had never executed to said Albert Davis the deed of trust of May 15, 1913, under which he and his trustee were attempting to sell said property, that though the same purported to be signed by her, the fact was, as he was informed and charged, that her husband, Ira Davis, son of the said Albert Davis, without authority had signed and acknowledged said deed of trust in her name; and furthermore that said G. E. Davis was not then indebted to said Albert Davis in said sum of two thousand dollars, and that said deed of trust was executed as aforesaid for the express purpose of defrauding plaintiff out of the price of said mill and fixtures and all of which plaintiff alleges on information and belief the said Albert Davis had notice.

The amended bill as well as the original bill was verified by plaintiff, and the answer of Albert Davis to the original bill was verified by him in the form prescribed by the statute, but the joint answer of him and of said G. E. Davis and Ira Davis, though signed by counsel on behalf of all, was verified only by G. E. Davis and Ira Davis. It denies that said deed of trust to Albert Davis of May 15, 1913, was signed and acknowledged by Ira Davis for the purposes and as alleged in the bill, but that the same was signed and acknowledged by

the said G. E. Davis not for the purpose of defrauding plaintiff but was made in good faith to secure said Albert Davis "for sums of money that he had expended, and obligations that he had incurred for the said Ira Davis and for the amount of money stated in said deed of trust."

On final hearing on bills and answers and depositions taken on behalf of the parties, the court sustained the motion of the defendants to suppress the depositions of Ira Davis taken on their behalf and decreed that the same should not be considered, but provided that it should remain a part of the record. And on motion of defendants to dissolve the injunction the court was of opinion to and did overrule the same and was further of opinion that plaintiff was entitled to the relief prayed for, and adjudged and decreed that the defendants Albert Davis and G. T. Trump, trustee, be and they were thereby forever enjoined from selling said property under the said deed of trust of May 15, 1913, and that plaintiff recover his costs.

To reverse this decree appellant, Albert Davis, relies on several propositions which so far as they are pertinent or applicable to the case at bar are: First, that as plaintiff pleaded and relied on his deed of trust and legal title as purchaser of the property, and not alleging possession, equity had no jurisdiction to award him injunctive relief or to remove a cloud. We think the answer to the proposition is threefold; first, the parties are claiming under the same grantor, appellant by deed of trust, appellee by both deed of trust and absolute purchase from the grantor. There is therefore no question of title presented. Where both parties claim under a common grantor equity will entertain jurisdiction to settle their conflicting rights, regardless of the question of possession. *Eastern Oil Co.* v. *Coulehan,* 65 W. Va. 531, 536; *Sult* v. *Hochstetter Oil Co.,* 63 W. Va. 317.

Appellant also relies on the allegations of his cross-answer, that the alleged release of his prior deed of trust was a forgery. Fraud constitutes a distinct ground of equity jurisdiction. Besides, when the issue of fraud was thus presented by defendant's answer, plaintiff amended his bill and charged, first, that the deed of trust to appellant was made to cheat

and defraud him; second, that in truth and fact the grantor G. E. Davis did not then owe appellant anything. In view of the alleged fraudulent release of the deed of trust a new equity was thus presented for adjudication between the conflicting claimants.

The second proposition to be considered is that the plaintiff took no evidence to sustain the allegations of his bills, and that for want of proof the injunction should have been dissolved and the bill dismissed. It is true plaintiff took no oral evidence to establish his right or title to the property, but he exhibited with his bill the deed of trust executed to him by Mrs. G. E. Davis, which was signed, sealed and acknowledged by her before an officer with authority in that behalf. This deed acknowledged the indebtedness to plaintiff. Neither of the answers specifically deny the making and execution of said deed. There is a general denial of allegations not specifically admitted to be true, which is not good pleading when excepted to. Without a pleading specifically denying the making of said writing, sworn to by the pleader as provided by §40, ch. 125 of the Code, no proof of handwriting was required. This deed of trust constitutes proof of plaintiff's rights and title based thereon, and though the proof of his purchase and acquisition of the legal title to the property may be short or deficient, we could not say he stood in the court below wholly without proof of equitable right. We may say in this connection however that we do not understand why counsel were content to risk their cause only half made up by legal evidence when the evidence was no doubt available to make out a complete case of purchase of the trust subject by plaintiff.

Is there anything in the record to sustain the theory of the amended bill that the trust of May 15, 1913, was executed to defraud plaintiff? It does not appear when plaintiff's debt accrued to him, whether prior or subsequent to the trust of May 15, 1913. It does appear by recital in the deed of trust of October 7, 1915, that the mill conveyed thereby was then engaged in cutting for plaintiff, and it is altogether likely that the grantor's liability to him accrued out of the operation of the mill, and prior thereto, but how long prior

does not appear. If the liability accrued prior to May 15, 1913, or the deed of trust was executed to appellant in anticipation of such liability and to defraud him, it would be fraudulent though the debt to him was subsequently incurred. *Graham Grocery Co.* v. *Chase,* 75 W. Va. 775. The allegation of the amended bill is that it was executed with fraudulent purposes. The answer sworn to by Mrs. G. E. Davis and Ira Davis only admits that the alleged debt secured by said deed of trust of May 15, 1913, was to secure a debt not of Mrs. Davis but of money expended and obligations incurred by said Ira Davis. This being the state of the pleadings and admitted facts, upon whom did the burden rest to establish the *bona fides* of the deed of trust upon which appellant relies? Where such transactions occur between father and son or other near relatives and fraud is charged thereon, it requires but slight evidence to shift the burden of showing good faith and a good consideration deemed valuable in law. *Douthat* v. *Robert,* 73 W. Va. 358. Though challenged by the bill, if not also by the circumstances of the release, appellant offered no proof of his debt, which, as noted, was admitted in the answer to be that of his son and not of the grantor.

Lastly, it is earnestly insisted that the alleged release of the deed of trust was a forged paper, and void. The burden of proof of this fact was upon appellant. He alleged it in his cross-answer. Prima facie it was valid, a duly recorded instrument. Appellant assumed this burden. He swore that he never signed, acknowledged or authorized the signing or acknowledgment of the said release on his behalf. Only in this indirect way does he charge fraud. He put his son Ira Davis on the stand and took his deposition, but after the same was filed, moved the court to suppress it. We note this fact appearing in the record, for the court refused to allow the deposition to be withdrawn. Appellant to support his own evidence relies on the deposition of the Justice before whom the release purports to have been acknowledged. The Justice attempts to identify the person acknowledging the release as a one-armed man, the son of appellant. He says he knew Albert Davis, but by his nickname, Pig Davis, and not as

Albert Davis. He also swears that Ira Davis the son acknowledged two papers on the one occasion, one was the release deed, the other the deed of trust to Mankin. But we see that the release purports to be signed by Albert Davis, the other by G. E. Davis. And we are constrained to inquire what credence should be given to the evidence of a Justice who admits as a witness that he suffered the same man to sign and acknowledge two different instruments by distinctly different names? If this does not evidence collusiveness, it is certainly evidence of very gross negligence. If the evidence is true, Ira Davis is convicted of the grossest fraud, and if the Justice permitted him at the same sitting to impersonate his wife in one instrument and his father in another, he was a party to the fraud and his evidence is entitled to no consideration whatever. It is well settled moreover that an officer who takes and certifies an acknowledgment acts in a judicial or quasi judicial capacity and is incompetent as a witness to impeach his official act. *Wooldridge* v. *Wooldridge,* 69 W. Va. 554; *McCauley* v. *Grim,* 115 Va. 610, 612. Of course, according to our decisions he is competent in a direct proceeding to set aside the instrument for fraud, to show that he was imposed upon and honestly led to believe that the person appearing before him was in fact the person named in the instrument. *Pickens* v. *Knisely,* 29 W. Va. 1; *Andre* v. *Hoffman,* 81 W. Va. 620, 95 S. E. 84; *Swiger* v. *Swiger,* 58 W. Va. 119; *Hill* v. *Horse Creek Coal Land Co.,* 70 W. Va. 221; *McCauley* v. *Grim, supra.* But the certificate of acknowledgment to a deed imports verity and to overcome it the proof must be clear and convincing. In *Swiger* v. *Swiger,* cited, we held that the evidence of the grantor denying the execution of the deed and the opinion of experts that the signature thereto was not that of the grantor was not sufficient. However in that case, as pointed out by Judge RITZ in the Andre case, four witnesses testified that they were present and saw the grantor deliver the deed, differentiating that case from the one at hand. The case here presented is a close one on the fact of the due execution of the release, but the unsatisfactory character of the pleadings, and the evidence of the Justice who took and certified the acknowledgment, and

the want of proof on the part of appellant to establish the *bona fides* of his deed of trust released on the record and the consideration therefor, justify our conclusion, we think, not to disturb the decree below, and it will therefore be affirmed with costs to appellee.

*Affirmed.*