# CHARLESTON.

MARTHA ELLEN SNIDER v. CHARLES W. ROBINSON *et als.*

Submitted February 17, 1920.    Decided March 2, 1920.

1. WILLS—*Bill of Testamentary Beneficiary for Greater Allowance Out of Corpus Construed to State a Cause of Action.*
    A bill by a testamentary beneficiary of a trust for her maintenance and support for her life, out of rents of real estate and interest on invested funds, with a provision for resort to the corpus of the real estate and funds for such maintenance and support, in case of insufficiency of the rents and interest to provide for them, showing very small annual receipts from the executor, alleging utter insufficiency thereof and praying for a decree for larger allowances, states a good cause of action. (p. 676).

2. TRUSTS—*In Bill for Maintenance by Testamentary Beneficiary Held That Answers Might be Filed at Any Time Before Entry of Final Decree.*
    To such a bill filed against the executor and remaindermen and residuary legatees, answers may be filed at any time before entry of a final decree, even though there has been a failure to answer within the time allowed for answers by the court after the court has overruled a demurrer, and, on a demand for a decree, resisted by the defendants, has refused to allow the decree and enlarged the time for answers. (p. 676).

3.  SAME—*Entry of Provisional Decree for Plaintiff in Bill for Maintenance as Testamentary Beneficiary Held Beyond Court's Power.*

After isues have been made on such a bill by the filing of an answer thereto, the court cannot enter a provisional or temporary decree for payment of money to the plaintiff, out of the corpus of the fund, in the absence of proof of the allegations of the bill, on the theory of apparent ultimate right to relief and power to take such allowance into consideration in the entry of a final decree in favor of the plaintiff, by way of adjustment. (p. 678).

4.  EQUITY—*Evidential Matter in Answer May be Eliminated on Exception.*

A court may properly eliminate from an answer merely evidential matter, on exceptinos thereto. (p. 678).

Appeal from Circuit Court, Marion County.

Suit by Martha Ellen Snider against Charles W. Robinson and others. From decrees in favor of plaintiff, defendants appeal.

*Reversed in part. Affirmed in part. Remanded.*

*Ira E. Robinson,* and *Harry Shaw,* for appellants.
*Walter R. Haggerty* and *Charles Powell,* for appellee.

POFFENBARGER, JUDGE:

The principal subject of this complaint is a provisional or temporary decree for payment of money by an executor, out of the estate in his hands for support of the widow of the testator, upon allegations of her right thereto under provisions of the will. Another is the elimination of certain portions of the answer to her bill, upon exceptions thereto.

The provisional decree was entered in advance of maturity of the cause for submission upon issues made and proof taken, and is based in part upon notice of a motion for award thereof, supported by affidavits.

By the will, the widow took a life estate in the homestead, a house and lot in the City of Fairmont, and in the household goods and effects. At her death, this property goes to the grand-daughter of the testator, daughter of the executor. By the fourth clause of the will, the executor was required to rent another parcel of real estate of which the testator died seized, a

house and lot, and pay the income therefrom to the widow, for and during her life, and vested with discretionary power to sell it and invest the proceeds and pay the income therefrom to the widow in like manner. She was also given, by the fifth clause, the interest for life on the residue of the personal estate, valued by estimation at about $3,000.00 and having an actual value of only about $1,000.00. It was futher provided, that, in case the income from the rents and interest contemplated by the fourth and fifth clauses should be insufficient for her complete comfort, the executor should use "such part of the principal of the above fund as may be necessary to her complete comfort and support." The residue of the funds mentioned in the fourth and fifth clauses, after the death of the widow, goes to Chas. W. Robinson, the executor, his wife and daughter, in equal shares.

The real estate mentioned in the fourth paragraph has not been sold. The house has four rooms and a basement and rents for only $12.50 per month. The executor owed the estate $1,000.00, of which he has paid $300.00, and the residue he has lately invested in government bonds. Out of the rents and interest, the executor has paid the taxes on the rented property and the cost of some slight and apparently necessary repairs. According to the allegations of her bill and copies of the executor's settlements exhibited therewith, she has received only a small amount of money annually, and, out of that, has paid the taxes on the homestead. She alleges that what she has received has been wholly insufficient for her support, and claims she is entitled to have at least $600.00 per year out of the estate. Her husband died in 1910 and this suit was instituted about eight years after the probate of his will. The date of her first complaint of the amount she received from year to year does not appear in the bill nor elsewhere in the record. Her bill charges the executor with neglect to obtain as much rent from the real estate as it should yield and wrongful expenditure of rents in the improvement of the property, with a motive of benefit to himself, his wife and daughter.

Demurrers to the bill, interposed at the May term, 1919, were overruled, and thirty days allowed for the filing of answers. No answer having been filed at the expiration of that period, there was a motion for a decree upon the bill as taken for con-

fessed, which motion was resisted, and the court, over objection, enlarged the time for answers by a few days. On the same day, a motion for a decree awarding a temporary allowance was docketed. On the first day of the extended period allowed for answers, the defendants filed their joint and separate answer. On the next day, the plaintiff filed exceptions to certain parts of the answer, and the motions of the plaintiff as well as disposition of the exceptions were continued. A month later all of the exceptions save one were sustained and the defendant granted leave to answer over. Soon thereafter, the provisional decree or order was entered.

No good ground of demurrer to the bill is perceived. It alleges a state of facts, which if sustained, constitutes a cause of action. A court of equity has undoubted jurisdiction to enforce a trust.

The retained portions of the answer deny the construction placed upon the will by the plaintiff's bill; failure on the part of the executor to carry into effect its true intent, meaning and provisions; his neglect, failure or refusal to pay out of the estate sums sufficient for the comfort and support of the plaintiff, within the meaning and intent of the will; rental of the real estate for an inadequate sum; the making of unusual or extensive repairs or improvements of the property; the correctness and accuracy of the statements of the bill as to receipts and disbursements respecting the property; mismanagement of the properties mentioned in the fourth and fifth paragraphs of the will; insufficiency of the income for complete comfort of the plaintiff; necessity of payment of $600.00 per year for her comfort and support; duty of the executor to pay the taxes on the homestead; unfaithfulness in the administration of the estate; administration thereof for the benefit of the remaindermen and residuary legatees; and indifference to plaintiff's complaints and unwillingness to hear them. It avers production of all the income of which the property is capable; possession under the will, of a well furnished home, by the plaintiff; activity and ability on the part of the plaintiff and lack of any misfortune or other circumstance necessitating her use of $600.00 per year from the estate.

Although the amounts of the annual payments are quite

small and apparently insufficient for comfortable support, the answer raises issues respecting its sufficiency, dependent partly upon the construction of the will and partly upon questions of fact, none of which the trial court has passed upon finally and definitely. The provisional decree assumes that, in any event, the plaintiff is entitled to $70.00 per month, pending the litigation, for it required payment of that amount for a period of five months, ending December 31, 1919. It adopts and proceeds upon the theory of decrees for maintenance and suit money in divorce suits, but, in that class of cases, a statute specifically authorizes such orders. Code, ch. 64 secs. 9 and 11. The law unconditionally gives the right and imposes the burden. Here, the right is given by the will. The plaintiff has the use of the homestead and furniture and is receiving the rents and interest provided for her, less such charges and deductions as the defendants claim are legal and just. She desires a larger provision out of the corpus of the fund, which the will allows conditionally. Her bill asserts the existence of the contingency upon which such enlargement is authorized and the answer denies it. If it be conceded, for the purposes of argument, that the plaintiff has an apparently irresistible claim, her right to informal relief in anticipation of a final decree upon a cause of action matured and established, does not necessarily follow. There are many such cases, but there is no precedent for a piece meal decree predicated upon anticipation of establishment of right to a final decree in which the provisional allowance may be taken into consideration, by way of adjustment. To permit it would greatly embarrass the administration of justice in both the trial and appellate courts. If such relief can be granted in one instance, there is no reason why it could not be granted repeatedly in the same case, and appeals, with their attendant consumption of time and labor, expense and worry, multiplied indefinitely. Besides, there is no occasion for it. If, in this cause, the suit had been diligently and vigorously prosecuted, it would have been ready for a final decree, no doubt, at the date of the award of provisional relief. Plaintiff's own deposition in support of her bill could have been taken in a day or two, upon proper notice, at any time after the filing of her bill. About six months elapsed betwen the filing thereof and

the date of the motion, in which period she took no proof. Plainly the alleged delay of justice, in avoidance of which this anomalous procedure was resorted to, is not one of the law's delays. Parties deviating from the plain, speedy and adequate course of procedure afforded by the law and endeavoring to adopt and pursue others, are in no situation to complain of the law.

In England they have an informal procedure started by what is termed an "Originating summons." Dan. Chy. Pr., p. 864. But, under it, no such question as this is cognizable. This is a controversy with the remaindermen and residuary legatees, as well as with the executor. The plaintiff asserts her right to go into the corpus of the fund and property for her support, upon the theory of inadequacy of the income, which she may do, if the income is inadequate. Her right to do so is denied upon the theory of adequacy of the income. That makes an issue that cannot be disposed of summarily, like an allowance to an infant or cestui que trust out of his own funds. *Royle* v. *Hayes,* 43 Chy. Div. 18; *Conway* v. *Fenton,* 40 Chy. Div. 512; *Davies* v. *Davies,* 38 Chy. Div. 210.

The cross-assignment of error based upon denial of a decree on the bill, for failure to answer within the time allowed, is not well taken. Whether the extension of time allowed by the court was proper or not, the answer came in before final decree, raising issues of fact determinable in part by matters of fact depending upon evidence, and none had been taken. In *Waggy* v. *Waggy,* 77 W. Va. 144, the plaintiff had taken and filed his depositions sustaining the allegations of his bill, and the cause could not be continued for the taking of proof by the defendants. Right to answer at any time before final decree is given by the statute, and a defendant in default as to his answer may file it within such time. *Waggy* v. *Waggy.* Had the motion for enlargement of time been denied, a sufficient answer to prevent a decree might have been filed immediately. Hence, it cannot be safely said the motion for a decree put an end to the right to answer. To cut off that right, the decree must have been actually entered. *Ash* v. *Lynch,* 72 W. Va. 238.

All material matters struck out of the answer, upon the exceptions thereto, were merely evidential, wherefore they were

unnecessarily inserted and could be properly eliminated. Plaintiff's ownership of an independent and separate estate of her own is no defense. The will gives her right of maintenance from the property and funds designated in the fourth and fifth paragraphs thereof, unconditionally, and without reference to her ability to obtain it from any other source. In such case, her possession of other means of support constitutes no defense. *In re Knapp's Estate,* 47 N. Y. Supp. 971; *In re Weaver,* 21 ch. Div. 615; Story Eq. Jur. (14th Ed.), sec. 1773; Lewin, Trusts, pp. 614, 967. It may be a circumstance having some tendency to show what was meant and intended by the provisions of the will, involved here. If so, it may come in by way of evidence, but the court did not err in the elimination thereof, from the answer. The clause charging instigation of the demand set up in the bill, by strangers, is wholly immaterial for any purpose, and was properly struck out.

For the reasons stated, the decree of August 6; 1919, entered in this cause, will be reversed, and the decrees therein of May 12th and July, 28th 1919, and so much of the decree therein of June 25, 1919; as overruled the plaintiff's motion for a decree, will be affirmed. Costs in this court will be decreed to the appellants and the cause remanded.

*Reversed in part. Affirmed in part. Remanded.*