JOHN WILLIAM ALTMEYER *v.* MARY ELLEN FASSIG *et al.*

(No. 7629)

Submitted October 17, 1933. Decided October 31, 1933.

*McKee & McKee,* for appellants.
*Paul E. Bottome,* for appellee.

HATCHER, JUDGE:

This appeal involves the regularity of a default judgment.

The bill, seeking specific performance of a parol gift of land, was filed at April Rules, 1932. A demurrer to the bill was submitted the following June during a regular term, and the court mailed counsel a written memorandum on September 1st, in vacation, that the demurrer was overruled. An order was entered overruling the demurrer at a special term held on September 10th. The defendants tendered their answer on October 11th at a regular term. The answer was rejected as not tendered in time under Code 1931, 56-4-56. The defendant then moved that the order of September 10th be vacated or that the time for filing the answer under the statute be extended. That motion was overruled on February 16, 1933, and the default decree was entered granting plaintiff the relief prayed for.

Defendants' motion was based on the following rule of the circuit court: "No special term shall be called unless the interest of the public will be promoted or counsel on both sides of the case agree in writing that the case shall be submitted to the court." Defendants' motion stated that the order was entered at the special term without the written

consent of counsel. No such consent appears in the record, and no claim of consent is made by the court or opposing counsel. In a written opinion the trial court takes the position that after defendants' counsel were notified on September 1st that the demurrer was overruled, counsel "should have been vigilant" and filed the answer in the clerk's office within fifteen days after the notification.

Code 1931, 56-4-56, provides that if a demurrer "be overruled, no other plea or demurrer shall afterwards be received, but the defendant shall file his answer, in court, if in session, or, if not in session, in the clerk's office of the court in which the suit is pending, within fifteen days after the overruling of his plea or demurrer, unless, for good cause shown, the time is enlarged by the court, or the judge thereof in vacation."

A court of record speaks through its record. While the statute does not refer to the entry of an order overruling the demurrer, such an entry is clearly implied. The statute does not contemplate that the fifteen-day period will run from a mere announcement, whether verbal or written, of the court's views on the pleading. Such an announcement lacks the formality and the finality required by law, until carried into a proper order.

The above court rule forbids the submission of a case at a special term without the written consent of counsel. The demurrer was not in fact submitted at the special term, having been already submitted at the regular June term. But an incident of a submission is the entry of an order, and the implication of the rule is that a case will not be thus acted upon at a special term except by consent. The rule is reasonable and promotes the orderly conduct of litigation. Such a rule has "the force of law", and litigants may rely on it. *Hall* v. *O'Brien*, 97 W. Va. 77, 124 S. E. 507. Therefore, the non-compliance with the court rule herein furnishes sufficient "good cause" under the statute for "enlarging" the time for filing the answer.

The default decree of February 16, 1933, is accordingly reversed in every particular, and this cause remanded to the circuit court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*