MARGARET HUGHES *v.* M. J. MCELWEE *et al.*

(CC 557)

Submitted April 22, 1936. Decided May 5, 1936.

HATCHER, PRESIDENT, and MAXWELL, JUDGE, dissenting.

*Evans & Evans*, for plaintiff.
*Lloyd Arnold* and *Everett F. Moore*, for defendants.

WOODS, JUDGE:

This certificate involves the sufficiency of the defensive part of an answer, the circuit court of Marshall County having overruled the demurrer thereto.

The bill, in response to which the foregoing answer was filed, is drawn on the theory that Margaret Hughes, plaintiff therein, as equitable assignee and owner of a certain judgment, is entitled either to a ratification of

payment on part of the defendants herein and the entry of a formal money decree against them, or to have the judgment lien enforced against the real estate owned by the defendants, or either of them, in Marshall County.

The defendant, McElwee, while admitting the meager allegations in the bill to the effect that on July 6, 1929, Luvada Bryan, as administratrix of the estate of James Bryan, deceased, in an action of covenant, recovered judgment for $3,500.00 and costs against Vernon R. Hughes and himself, and that Margaret Hughes, not a party to said action, on July 24, 1929, paid into the office of the clerk of the court the principal sum and costs, charges that it was the intention of the plaintiff to, and that by her act she did, extinguish the debt, and that her bill should be dismissed.

In support of his contention, McElwee, in his answer, charges, among other things, that the action in covenant was on a constable's bond; that he as surety was joined with Vernon R. Hughes, the principal thereon, and judgment taken against them jointly on the theory that Hughes, by the unlawful and negligent use of a weapon, had shot and killed James Bryan; that the plaintiff herein, who is the mother of Vernon R. Hughes, following the rendition of the foregoing judgment, expressed her intention of paying the same on behalf of her son, for the purpose of saving McElwee blameless on account of his gratuitous undertaking; that in accordance with such understanding, McElwee, on July 10, 1929, loaned Mrs. Hughes, at the latter's instance and request, $3,500.00, taking her promissory note in such amount, the same being secured by deed of trust; that plaintiff has made payments aggregating $700.00 on the principal debt due McElwee; that since July 10, 1931, she has wholly failed, neglected and omitted to pay McElwee any further principal or interest, although often requested so to do; that the present bill was filed after McElwee had given notice to trustee to make sale in accordance with the terms of the deed of trust.

Plaintiff's chief attack on the answer is based on the proposition that there is a presumption which is not

rebuttable that a stranger who pays a debt expects the debtor to repay him the money so advanced; and, therefore, that the reasons prompting such payment cannot be made an issue. This position is bottomed on a statement in *Neely* v. *Jones*, 16 W. Va. 625, at page 641.

Our Court has very properly held that a debt is not necessarily discharged or extinguished by payment by a stranger except where ratified by the debtor. *Neely* v. *Jones, supra; Crumblish* v. *Central Improvement Co.*, 38 W. Va. 390, 18 S. E. 456, 23 L. R. A. 120, 45 Am. St. Rep. 872. And although, as stated in the first-mentioned case, there is a presumption that the stranger expects the debtor to repay him the money advanced, such presumption is, we believe, rebuttable. If the stranger for good reason intended to extinguish the debt, then the same is extinguished by his payment. *Harbeck* v. *Vanderbilt*, 20 N. Y. 395.

As heretofore indicated, in the answer, the mother expressed a purpose that she did not intend that anyone should stand good for the debt of her son, and in order to carry out such purpose, borrowed money, giving a note secured by deed of trust, with which to pay off the judgment. Although a stranger to the action in covenant, she was in view of the allegations of the answer, acting as an agent for her son, in paying off the debts. She had assumed his duties, stepped into his shoes, and by the payment, the judgment was extinguished.

The debt having been satisfied, or extinguished, as to the son, the principal on the bond, the obligation of the surety was automatically extinguished, since the surety was to be liable only so long as the debt was not extinguished by his principal. 50 C. J. 101, and cases there cited; 21 R. C. L. 1044.

We are of opinion that the answer states a good defense, and, therefore, that the trial court should be affirmed in its ruling.

*Ruling affirmed.*

HATCHER, PRESIDENT, dissenting:

It is a maxim of equity, that equity regards substance

rather than form. In form, defendant loaned money to plaintiff under her promise to repay. In reality, the money was turned over to plaintiff—not for her use in any particular—but for the express purpose of delivery to defendant's own judgment creditor in payment of defendant's own obligation. Thus the plaintiff was not actually a borrower from defendant but merely his bailee or agent. Her promise, in fact, was not to repay defendant but to reimburse him. As such, the promise was entirely gratuitous. A valuable consideration is not necessary to support an executed gift; so plaintiff is not entitled to recover the $700.00 she has already bestowed on defendant. But an executory promise not supported by a legal consideration is unenforceable. *Gooch* v. *Gooch*, 70 W: Va. 38, 43, 73 S. E. 56, 37 L. R. A. (N. S.) 930. Therefore, I am of opinion that plaintiff should be relieved from further payment on her voluntary promise.

Judge Maxwell authorizes me to say that he concurs in this dissent.