MARGARET HUGHES *v*. M. J. McELWEE *et al.*

(No. 8703)

Submitted April 19, 1938. Decided May 10, 1938.

*Evans & Evans,* for appellant.
*Lloyd Arnold* and *Everett F. Moore,* for appellees.

RILEY, JUDGE:

The plaintiff, Margaret Hughes, complains of a final decree of the circuit court of Marshall County, dismissing her bill of complaint and substituting trustees in the place of Charles H. McCullough, trustee, for the purpose of enforcing a deed of trust executed by the ' plaintiff.

Plaintiff's suit is based on the theory that she is an equitable assignee and owner of a certain judgment against the defendants, M. J. McElwee and Vernon R.

Hughes, and as such, is entitled either to a ratification on the part of the defendants of payment by the plaintiff of said judgment and the entry of a formal decretal judgment against them, or to have the judgment lien enforced in her favor against the real estate in Marshall County owned by the defendants, or either of them. The bill of complaint alleges, in substance, that the plaintiff, without the request and authority of defendants, paid said judgment on their behalf; that said payment was received and accepted by the judgment creditor in full satisfaction thereof; and that the defendants never ratified said payment.

On November 10, 1933, McElwee's counsel filed a separate demurrer and answer to the bill of complaint. On the same day, the answer was withdrawn. An order was entered on June 18, 1934, overruling the demurrer. On July 7, 1934, after the expiration of fifteen days from the entry of the order overruling the demurrer, plaintiff's counsel moved the court to enter a decree granting the plaintiff the relief prayed for in her bill. McElwee's counsel then moved for an enlargement of the time for the filing of his answer, and assigned (as the decree of July 7, 1934 indicates) as grounds therefor that "On the 10th day of November, 1933, at the October Term of this Court, defendant M. J. McElwee's counsel tendered for filing herein the separate answer of said defendant, and said answer was by the Court ordered to be filed and was marked filed; but on said 10th day of November, 1933, said defendant, by leave of the Court, withdrew his said answer and asked that no record be made of its having been filed: Whereupon, the presiding Judge, at the request of counsel for said defendant, destroyed said order filing said answer, and neither said answer nor the order filing the same was made a part of the record in this case." The decree further recites that said answer is filed in support of the motion to enlarge the time.

The controlling issues raised on the record are: (1) Whether good cause for an enlargement of time in which

to file an answer was shown, plaintiff having objected to the court's ruling in that regard; and (2) whether plaintiff's subsequent joinder in a motion to certify the sufficiency of the answer, filed under such enlargement of time, amounted to a waiver of her objection to such enlargement. The solution of these issues in plaintiff's favor will render moot all other questions.

Code, 56-4-56 provides, in part, that if any plea or demurrer be overruled, "No other plea or demurrer shall afterwards be received, but the defendant shall file his answer, in court, if in session, or, if not in session, in the clerk's office of the court in which the suit is pending, within fifteen days after the overruling of his plea or demurrer, unless, *for good cause shown,* the time is enlarged by the court, or the judge thereof in vacation * * * ." (Italics supplied). This statute resides in the trial chancellor a wide discretion in permitting the filing of an answer after the fifteen-day period succeeding the overruling of a demurrer. *Carleton Mining & Power Company* v. *West Virginia Northern Railroad Company,* 113 W. Va. 20, 166 S. E. 536. In the interest of party litigants, the application of the statute should be made with great liberality. To do otherwise would result in many cases in great and inequitable hardship on parties defendant. Liberality, however, in the application of a statute such as this does not mean that the statute should be emasculated. The words "for good cause shown" mean exactly what they say. There is a dearth in the record of any cause which would justify this defendant in the delay in the filing of his answer. The mere fact that defendant McElwee tendered for filing his answer and demurrer and then withdrew the answer without any explanation in the record is not such cause as would permit him, after the expiration of the fifteen-day period from the overruling of the demurrer, to tender the same or another answer. Of course, the filing of the answer must be made within fifteen days from the time of the entry of the order overruling the demurrer. *Altmeyer* v. *Fassig,* 114 W. Va. 266, 171 S. E. 529. The

answer having been improperly filed and the plaintiff having objected to the enlargement of the time for its filing, it is entitled to no consideration. That being so, the depositions are of no avail and the allegations of the bill of complaint being of sufficient certainty, the bill. must be taken for confessed. *Campbell* v. *Lynch,* 6 W. Va. 17, 22.

If the answer had been properly filed, then the adjudication of this court on the demurrer to the answer (*Hughes* v. *McElwee et al.,* 117 W. Va. 410, 185 S. E. 688) would have been the law of the case, and the finding of the trial chancellor under the record could not be disturbed. However, the former adjudication involved only the demurrer to the answer which raised the sufficiency of the pleading, and the record on certificate did not disclose the question involved in defendant's delay in the filing of the answer.

The very nature of the proceeding on the former hearing prevented plaintiff's counsel from raising or suggesting the delay in the filing of the answer. Plaintiff fully protected herself by formal objections to the motion to enlarge the time and the ruling of the court thereon, and being unable to raise the question on certificate, she cannot be said to have waived her rights by joining in the motion for the certificate on the demurrer to the answer.

We are accordingly of the opinion that the decree should be reversed and the cause remanded with directions that plaintiff's bill of complaint be taken for confessed and a decree entered in plaintiff's favor, predicated upon the allegations and prayer of the bill of complaint.

*Reversed; remanded with directions.*