CARL BARNES *et al. v.* WARTH, JUDGE, *et al.*

(No. 9401)

Submitted September 22, 1942. Decided October 27, 1942.

*West & Rubin,* for petitioners.
W. H. Daniel, for respondents.

LOVINS, JUDGE:

Relators filed their petition in this Court, praying for a peremptory writ of mandamus directed to Honorable H. Clay Warth, Judge of the Common Pleas Court of Cabell County, Zetta V. Cross and Walter G. Wittenborn, requiring the Judge of the Common Pleas Court to set aside and vacate an order giving certain defendants in the chancery cause of Barnes et al v. Cross et al. opportunity to make answer to the amended bill of complaint therein, and to enter a final decree on the allegations of the amended bill.

The controlling facts are not disputed. Barnes and his co-plaintiffs in the chancery cause filed their bill of complaint in the Common Pleas Court of Cabell County. Mrs. Cross and Wittenborn, two of the defendants in the chancery cause, filed a demurrer and two pleas thereto. The demurrer was sustained, with leave to amend the bill, but no ruling was made on the pleas. Plaintiffs in the chancery cause then filed an amended bill, to which Mrs. Cross and Wittenborn demurred. The last-mentioned demurrer was overruled by an order entered on July 2, 1942, and no further action was taken until July 28, 1942, when plaintiffs in the chancery cause moved the Common Pleas Court to take the amended bill as confessed and for final decree thereon granting them such relief as in the opinion of the court they were entitled to have.

The ground of the motion was that no answer to the amended bill had been filed within fifteen days from the entry of the order overruling the demurrer to the amended bill. The motion was opposed and request made for enlarging the time for filing the answer to the amended bill

to August 15, 1942, on the ground that Mrs. Cross and Wittenborn had been absent from the city and that verification of their answer could not be obtained because of such absence. On July 31, 1942, the Common Pleas Court of Cabell County entered an order overruling the motion to take the bill of complaint as confessed and sustaining the motion to enlarge the time for filing the answer to August 15, 1942.

Respondents contend that the fifteen-day period, provided in Code, 56-4-56, did not begin to run until the court had acted on the pleas to the original bill of complaint. We are unable to agree with this contention. The court by its action in sustaining the demurrer to the original bill rendered the pleas ineffective. The ruling on the demurrer eliminated any necessity for a ruling on the pleas to the original bill. If Mrs. Cross and Wittenborn desired further to avail themselves of the allegations of their pleas, they should have tendered them to the amended bill.

The question whether mandamus is the proper remedy confronts us at the threshold of this inquiry. It has been held by this Court that mandamus may be used to require an inferior court to take and exercise jurisdiction. *French v. Bennett*, 69 W. Va. 653, 72 S. E. 746. Mandamus will issue to compel an inferior court to vacate a judgment which is not in accordance with the jury's verdict and to enter a proper one. *McComas v. Warth*, 113 W. Va. 163, 169 S. E. 96. In the recent case of *White Sulphur Springs, Inc. v. Jarrett, Judge*, 124 W. Va. 486, 20 S. E. 2d 794, this Court held that prohibition would lie "where resort to the processes of regular proceedings by way of appeal or writ of error would result in waste of time, effort and expense, and with no advantage to anyone." We believe the above quotation is peculiarly applicable to the facts disclosed in this record. Where it is plainly discernible that the action of an inferior court is so palpably wrong as to require reversal upon appellate proceedings, we believe that mandamus may be used for the purpose of correcting such wrong, being a more expeditious and direct way to correct the error than the ordinary and sometimes lengthy process

of an appeal or writ of error. This rule has restricted application, and should be applied with caution when evoked to control or undo the action of a trial court in a case pending therein. The right to the remedy must be clear and other remedies inadequate, but the writ must not be made a substitute for appellate process, nor should the discretion of the judge of the trial court be impaired.

When the plaintiffs in the chancery cause filed their amended bill of complaint, Mrs. Cross and Wittenborn had the option to refrain from defending or to plead, demur or answer. They chose to demur and upon the overruling of the demurrer, if they desired to defend, they were limited to appearing and answering the bill of complaint within the time required by Code, 56-4-56. Failure on their part to appear and answer the bill within fifteen days in the absence of an enlargement of the time for so doing, leaves no discretion on the part of the trial chancellor. It was his duty to apply and enforce the provisions of Code, 56-4-56. Respondents in this proceeding attempted to avoid the effects of the statute by asking enlargement of the time for filing their answer, after the expiration of the fifteen-day period, but the motion therefor came too late. If we should say otherwise, the plain language of Code, 56-4-56, would be disregarded and its purpose evaded, that purpose being to speed the determination of a cause and require diligence from the litigants in so doing. If an unsuccessful demurrant could wait until after the fifteen-day period has expired to make application for more time in which to answer the bill, he could wait indefinitely. No such procedure is permitted by the statute.

We therefore hold that the application made by the respondents after the expiration of the fifteen-day period should have been denied by the Judge of the Common Pleas Court for the reason that it was not timely made.

We do not pass on the merits of the chancery cause, but deal solely with the rights of the relators and respondents on the question of procedure.

We therefore award a peremptory writ requiring Honorable H. Clay Warth, Judge of the Common Pleas Court

of Cabell County, to vacate and set aside the order entered by him on July 31, 1942, and to take the amended bill of relators against respondents and others as confessed, leaving to the discretion of the trial chancellor the question of further procedure on such amended bill.

*Writ awarded.*