HUGH D. STRACHAN

v.

THE MUTUAL FIRE INSURANCE
COMPANY IN HARFORD COUNTY, *etc.*

(No. 9946)

AND

LYDIA STRACHAN

v.

THE MUTUAL FIRE INSURANCE
COMPANY IN HARFORD COUNTY, *etc.*

(No. 9947)

Submitted September 17, 1947. Decided November 4, 1947.

*Lester Reynolds,* and *Robinson & Fahey,* for appellant.

*H. G. Shores* and *H. R. Athey,* for appellees.

KENNA, JUDGE:

These chancery proceedings were brought in the Circuit Court of Mineral County, against The Mutual Fire Insurance Company in Harford County, Bel Air, Maryland, one by Lydia Strachan, an insane person, by Hugh D. Strachan, Committee, the other by Strachan in his own right. The sole question, involved being one that turns upon identical procedure, the cases were, by agreement, submitted as one. The purpose of each was to collect for a total loss under a fire insurance contract alleged to have been entered into between the plaintiff and the defendant by reason of an application made and premium paid through an authorized agent on December 5, 1941, loss having occurred on December 7 of that year before the issuance of a policy pursuant to the application. A decretal judgment for the plaintiff was entered in each proceeding as upon a bill taken for confessed under the provisions of Code, 56-4-56, at the 1946 November term, the defendant's demurrer to plaintiff's amended bill of com-

plaint having been overruled November 5, 1945, and, without an extension of time, its answer lodged in the clerk's office on August 17, 1946.

After demurrer sustained to the original bill of complaint a demurrer to an amended bill was filed October 4, 1943. On November 5, 1945, demurrer to the amended bill was overruled. Nothing further was done in either cause until after the expiration of both the January and April terms, 1946. On July 9, 1946, the plaintiff gave notice to take depositions which was done on August 1. On August 6, 1946, an order was entered filing the plaintiff's depositions and reciting that it appearing that the defendant desired time to take depositions and to file an answer both causes were continued to the next term. On August 17, 1946, the defendant's answers were lodged in the clerk's office and on September 30 defendant's depositions were taken, plaintiff appearing "specially." At the November term, 1946, the plaintiff moved to expunge the answers and depositions of the defendant and to enter a decree in his favor for the amount shown by the allegations of his bills of complaint and by his depositions taken. This was accordingly done and it was to these decrees that appeals were granted by this Court.

As sustaining its contention that under Code, 56-4-56, the expiration of fifteen days after demurrer overruled does not prevent the trial chancellor from permitting the filing of an answer to the bill of complaint without having extended the time therefor, the appellant quotes the following language from *Mathews* v. *Dale,* 118 W. Va. 303, 306, 190 S. E. 338:

> "On the questions of procedure, we hold that the failure of the plaintiff to move for a decree, as he might have done under Code 56-4-56, and his subsequent agreement on the facts submitted to the court below, preclude him from raising the question of the delay in filing the answer of the defendant."

It is to be noted that the language quoted, speaking exactly, does not deal with the right of the court to accept

the answer after the expiration of the time prescribed by statute, but deals only with the conduct of the plaintiff in submitting his case on facts agreed estopping him from raising that question. It might have been said that a submission upon an agreed statement of facts dispenses with the necessity for an answer. See *National Surety Company v. Conley,* 108 W. Va. 589, 592, 152 S. E. 3; *Sawyer v. Corse,* 17 Gratt. 230. However, the principle invoked, if not expressly upheld, has been at least approved in two other West Virginia cases. In *Carleton Mining & Power Co. v. West Virginia Northern R. Co.,* 113 W. Va. 20, 21, 166 S. E. 536, in affirming the Circuit Court of Preston County this comment occurs in the body of the opinion:

> "After the statutory period for filing the answer had expired, the chancellor, in exercise of sound discretion, permitted an answer to be filed on behalf of the defendant. Code 1931, 56-4-56."

And in *Altmeyer v. Fassig, et al.,* 114 W. Va. 266, 171 S. E. 529, we held that where a demurrer to a bill of complaint had been overruled at a special term held September 10 that an order could be entered on October 11 regularly filing an answer thereto, basing the decision upon the fact that acting upon the demurrer at a special term violated a rule of the circuit court, and consequently furnished good cause for extending the time to file an answer under Code, 56-4-56. It probably would have been more sound to hold that the order overruling the demurrer and entered at a special term in violation of the court's rule was void, instead of that it furnished good cause for an extension of time.

As opposed to the holdings in the *Carleton* case and the *Altmeyer* case we have the statement of this Court in *Barnes v. Warth, Judge,* 124 W. Va. 773, 22 S. E. 2d 547, the syllabus of which reads as follows:

> "Under the provisions of Code, 56-4-56, a trial chancellor cannot enlarge the time for filing answer to a bill of complaint after a demurrer or plea thereto has been overruled, unless motion for

> such enlargement is made within fifteen days
> from the entry of the order overruling demurrer
> or plea."

This holding follows the reasoning of *Kinkead* v. *Securo,* 112 W. Va. 671, 166 S. E. 382, where this Court held that an answer tendered after the expiration of thirty days from the final day of the term, the time fixed upon overruling the demurrer to the bill, could not be received, although no decree had been entered at the time it was tendered. See also *Hughes* v. *McElwee,* 120 W. Va. 176, 179, 197 S. E. 631.

We realize fully that as between the two directly, though not expressly, conflicting constructions of Code, 56-4-56, our most recent decision, the *Warth* case, has chosen the more rigid. This, we believe, is more in keeping with the remedy intended to be effected by its adoption in the Code of 1931. Prior to that time, under the then statute, upon demurrer overruled the plaintiff was entitled to a rule to answer, the effect of which was to delay the entry of a final decree until the expiration of the granted time. After the expiration of the rule the defendant could answer until and unless a final decree was actually spread upon the records. Certainly the purpose of the Legislature in adopting Code, 56-4-56, was to make chancery proceedings more efficacious. See discussion by Prof. Leo Carlin, 40 W. Va. Law Quarterly, 360.

Under Code, 56-4-57, the defendant in a chancery proceeding who has not subjected himself to the provisions of Code, 56-4-56, may still file his answer at any time before final decree. If by pleading or demurring to the bill of complaint he has come within the terms of the last named section, then by its express provisions Code, 56-4-57, does not apply, and consequently the right to file an answer before final decree, even subject to the plaintiff's right at any time to make his decree *pro confesso* final, is not provided by statute. The answer then must be filed as provided in Code, 56-4-56. Upon demurrer to the bill of complaint overruled or plea overruled, failure

to follow the procedure provided by Code, 56-4-56, operates to confer the absolute right to a default decree upon the plaintiff. It is to be borne in mind that this seemingly harsh rule applies only to a defendant who has appeared and is represented by counsel and, further, that the terms of the statute fully protect diligent litigants.

Perceiving no apparent error, the decree of the Circuit Court of Mineral County is affirmed.

*Affirmed.*

Fox, PRESIDENT, dissenting:

I am unable to agree with the decision of the majority in these cases. The sole question presented involves the application of Code, 56-4-56, which reads as follows: "A plaintiff in equity may have any plea or demurrer set down to be argued. If the same be overruled, no other plea or demurrer shall afterwards be received, but the defendant shall file his answer, in court, if in session, or, if not in session, in the clerk's office of the court in which the suit is pending, within fifteen days after the overruling of his plea or demurrer, unless, for good cause shown, the time is enlarged by the court, or the judge thereof in vacation; and if he fail to appear and answer the bill within such fifteen days or additional time, if any such be granted, the plaintiff shall be entitled to a decree against him, for the relief prayed for therein, or the plaintiff may proceed against such defendant in the manner prescribed by section sixty-six of this article * * *." Section 66, referred to above, is in this language: "Although a bill be taken for confessed as to any defendant, the plaintiff may have an attachment against him, or an order for him to be brought in to answer interrogatories. No plea or demurrer shall be received after such attachment, unless by order of court, upon motion."

It may be well also to have before us the provisions of Code, 56-4-57, which reads: "A defendant may file his answer at any time before final decree, unless required to file it sooner under section fifty-six of this article, or by a proper rule of court under section four, article one,

chapter fifty-one of this Code; but a cause shall not be sent to rules. or continued, because an answer is filed in it, unless good cause therefore be shown by affidavit filed with the papers."

Prior to the adoption of the Code of 1931, in which, for the first time, appears the law as now established by Code, 56-4-56, and 57, the subject therein dealt with was covered by Sections 30 and 53 of Chapter 125 of the Code of 1923. These sections seem to have been enacted by Chapter 71, Acts of 1882, but, in substance, they had appeared in the Virginia Codes of 1849 and 1860, and in our Code of 1868. Section 30 reads: "A plaintiff in equity may have any plea or demurrer set down to be argued. If the same be overruled, no other plea or demurrer shall afterwards be received, but there shall be a rule on the defendant to answer the bill; and if he fail to appear and answer the bill on the day specified in the order, plaintiff shall be entitled to a decree against him for the relief prayed for therein"; and Section 53 reads: "At any time before a final decree, a defendant may file his answer, but a cause shall not be sent to rules or continued, because an answer is filed in it, unless good cause be shown by affidavit, filed with the papers thereof."

These sections were considered in *Waggy* v. *Waggy,* 77 W. Va. 144, 87 S. E. 178, and it was there held: "Section 30 of ch. 125 of the Code, * * *, saying the plaintiff shall be entitled to a decree if the defendant fail to appear and answer the bill on the day specified in the order requiring him to answer, made after the overruling of his plea or demurrer, is to be read in connection with Section 53 of said chapter, * * * giving the defendant right to answer at any time before final decree, and does not preclude such right in a defendant who has disobeyed a rule to answer within a prescribed time." An interesting discussion of the question appears in the opinion prepared by Judge Poffenbarger, and it is stated that Section 30 of the. then Code was only a declaration of an ancient rule of equity practice, with statutory modifications made to accelerate procedure, and he then refers to the Virginia Codes of

1819 and 1849, and the statutes bearing on the subject enacted by the Virginia Assembly. The opinion in the *Waggy* case was followed later in *Bartrug* v. *Edgell,* 80 W. Va. 220, 92 S. E. 438, and *Snyder* v. *Robinson,* 85 W. Va. 673, 102 S. E. 482.

When the Revisers of our statute law submitted to the Legislature what is now the Official Code, they took notice of the holdings in the three cases cited above, and it was their evident purpose and intent, as was the subsequent intent of the Legislature, to make it clear that, notwithstanding what had theretofore been the rule, as laid down in the cases cited, thereafter where a defendant pleaded or demurred to a bill, and the same was overruled, no other plea or demurrer could thereafter be received, but the defendant might file his answer in court, if in session, or, if not in session, in the circuit clerk's office, within fifteen days after the overruling of his plea or demurrer; or if the time for such filing was enlarged, within the time of such enlargement, but not afterwards, and Section 57 of said Article 4 was amended so as to take out of the general provision therein, that defendant might file his answer at any time before the final decree, situations referred to and covered by Section 56.

I do not question that this has the force and effect of Code, 56-4-56, and I agree that in case a defendant's plea or demurrer to a bill has been overruled, he must within fifteen days thereafter, or within the period of any enlargement of such time, file his answer, under pain of having the case heard on the bill as taken for confessed; and that the plaintiff is entitled to a decree for the relief prayed for therein. I think, however, that, through plain implication, it must be held that, before plaintiff is entitled to such decree, his bill, and the evidence in support thereof, must be sufficient to enable the court to decree on the matters set up in the bill. This is the plain implication of point 4, syllabus, in *Waggy* v. *Waggy, supra.*

In my opinion, a plaintiff, where his bill and any evidence produced in support thereof, shows him to be en-

titled to a decree, may obtain such decree at any time thereafter. Mere delay in moving for such decree does not deprive him of his right thereto. But I am of opinion that the right to a decree, in such circumstances, may be waived, or may be lost by acts and conduct on the part of a plaintiff, either creating a waiver, or in some cases an estoppel, against the right to a decree as on a bill taken for confessed. In the cases at bar, I think the plaintiffs waived their right to the decrees appealed from. Demurrers were filed to the amended bills filed in the causes on October 4, 1943, and were overruled on November 5, 1945. Nothing further was done in either cause until after the passing of the January and April terms, 1946. On July 9, 1946, plaintiffs gave notice to take depositions in support of their cases, and these depositions were taken on August 1 following. On August 6, 1946, an order was entered filing the depositions of the plaintiffs, and reciting that it appeared that defendant desired to take depositions and to file an answer, and both causes were continued until the following term, which was to convene in November of that year. In this situation, defendant on August 17, 1946, lodged in the clerk's office its answers to the bills in both cases, and on September 30 following, depositions in support of said answer were taken, at which plaintiffs appeared "specially." Then at the November term, 1946, plaintiffs, having evidently had a change of mind as to methods of procedure, moved to expunge the answers filed by the defendants, and their depositions, and to enter a decree in their favor for the amounts shown by the allegations of their bills of complaint. This motion was sustained by the trial court, and the decrees appealed from were entered.

I know of no good reason why the acts and conduct of the plaintiffs, narrated above, should not be construed as a waiver of the rights of the plaintiffs in the two causes to a decree under Code, 56-4-56. In the first place, that section only provides that plaintiff shall "be entitled to a decree," and gives to plaintiff the election to have such a decree entered, or, under Section 66 of the same article, to

have issued an attachment against the defendant, or an order for him to be brought in to answer interrogatories. There is nothing mandatory about the section, requiring the entry of a decree by the court, unless a motion therefor is made. Certainly a plaintiff may waive his right to such decree, and when he elects not to avail himself of such right, and elects to take and file depositions in support of his bill, and moves or acquiesces in a continuance to enable defendant to file his answer, and to take depositions, and such answer is filed and depositions taken, he has, in my opinion, effectually waived his right to thereafter move for a decree on his bill as taken for confessed.

We had this same question before us in the case of *Mathews* v. *Dale*, 118 W. Va. 303, 190 S. E. 338. In that case the state compensation commissioner, instituted a suit to recover certain moneys paid to Dale, in the way of compensation, which had been obtained through alleged fraudulent practices. There was a demurrer to the bill which was overruled, and the defendant did not answer within the fifteen days required by Code, 56-4-56. In that case we said: "On the question of procedure, we hold that the failure of the plaintiff to move for a decree, as he might have done under Code, 56-4-56, and his subsequent agreement on the facts submitted to the court below, preclude him from raising the question of the delay in filing the answer of the defendant." The plaintiff in that case had joined in an agreed statement of facts, which was submitted to the court, and on which the case was decided. He had not taken advantage of his right to a decree on his bill, but had elected to submit the case on the facts, and thereby, as this Court held, could not complain that defendant's answer had been filed too late.

In my opinion, this statute, which, in these cases, is being used to prevent the defendants from having their cases heard on the merits, should be liberally construed in favor of giving to litigants the right to try their cases on their merits. We have high authority for this proposition. In *Hughes* v. *McElwee*, 120 W. Va. 176, 197 S. E. 631, in discussing Code, 56-4-56, on the question of the application

of the clause "for good cause shown" appearing therein, Judge Riley speaking for the Court said: "This statute resides in the trial chancellor a wide discretion in permitting the filing of an answer after the fifteen-day period succeeding the overruling of a demurrer. *Carleton Mining & Power Co.* v. *West Virginia Northern Railroad Co.*, 113 W. Va. 20, 166 S. E. 536. In the interest of party litigants, the application of the statute should be made with great liberality. To do otherwise would result in many cases in great and inequitable hardship on parties defendant. Liberality, however, in the application of a statute such as this does not mean that the statute should be emasculated. The words 'for good cause shown' mean exactly what they say."

I see no reason why other provisions of Code, 56-4-56, should not have the same liberality applied to their construction, as that advocated in the quotation above; nor do I see any reason why the rule of liberality, applied in *Hughes* v. *McElwee, supra,* in 1938, should not now be applied to the cases at bar. Instead of such liberal treatment there is now applied the most harsh and rigid rule possible.

The holding of this Court in *Mathews* v. *Dale, supra,* and the other cases mentioned in connection therewith, is repudiated by a reliance on the case of *Barnes* v. *Warth, Judge,* 124 W. Va. 773, 22 S. E. 2d 547. In my opinion, that case had nothing to do with the question here presented. It merely held that if an enlargement of time in which to file an answer was sought, as could be done under Code, 56-4-56, then such enlargement must be secured within the fifteen-day period given for the filing of an answer. What connection that ruling has with the question of whether a plaintiff may, by his own conduct, be estopped from raising the question of delay to file an answer, or voluntarily waive, or by conduct be held to have waived such delay, is beyond my comprehension. A court may, for good cause, enlarge the time for the filing of an answer, but it must do so within the fifteen days during which a defendant has the absolute right to file his answer

either in court, if in session, and if not in session, in the circuit clerk's office. It is idle to say that because a court has no power to grant an enlargement of time to file an answer, after the expiration of the fifteen-day period, it may not, at a later date, permit the filing of such answer, in situations where by the plaintiff's own act it clearly appears, as in these cases, that he had elected not to avail himself of his right to a decree on his bill, and to submit his case on proof taken in support of his bill.

Another consideration prompts me to disagree with the majority opinion. The case of *Mathews* v. *Dale, supra,* was decided on February 13, 1937, and was concurred in by three members of this Court as presently constituted. The Court at that time clearly committed itself to the proposition that, by submitting a case on an agreed statement of facts, plaintiff was precluded from raising any question as to the failure of a defendant to answer within the time required by Code, 56-4-56. Now, ten years later, we adopt an entirely different construction, and instead of giving to the statute a liberal construction, as was advocated in the *Hughes* case, we change to a strict construction and one which, in my judgment, cannot be justified even under a rule of strict construction. I suggest, with all deference, that we can have no settled law in this State so long as we handle submitted cases in such fashion.

I would reverse the decrees of the Circuit Court of Mineral County, and remand these causes for a hearing on their merits.

RILEY, JUDGE, concurring:

Feeling that I am bound by the opinion in *Barnes* v. *Warth, Judge,* 124 W. Va. 773, 22 S. E. 2d 549, I am constrained to concur in the majority opinion in this case. The syllabus in that case reads:

"Under the provisions of Code, 56-4-56, a trial chancellor cannot enlarge the time for filing answer to a bill of complaint after a demurrer or plea thereto has been overruled, unless motion

for such enlargement is made within fifteen days from the entry of the order overruling demurrer or plea."

That holding is in conflict with point 1 of the syllabus in *Hughes* v. *McElwee*, 120 W. Va. 176, 197 S. E. 631, which was prepared by me for the Court. That syllabus reads:

"A trial court, or judge thereof in vacation, under Code 1931, 56-4-56, may, 'for good cause shown,' enlarge the time therein provided for the filing of an answer. The wide discretion thereby vested in the chancellor exists, however, only upon a showing, in fact, of good cause."

The *Barnes* case being written later than the *Hughes* case, it tacitly overruled the *Hughes* case, and for this reason I concur in the majority opinion.