WOOD COUNTY BANK, *A Corporation*

*v.*

J. REX KING, ISABELLE KING, *Executrix* OF THE LAST WILL AND TESTAMENT OF JOHN REX KING, *Deceased*

(No. 10721)

Submitted September 13, 1955. Decided October 25, 1955.

*George Shedan, McCluer, Davis & McDougle,* for appellant.

*James B. Randolph,* for appellee.

LOVINS, PRESIDENT:

This suit was brought in the Circuit Court of Wood County by the Wood County Bank, a Corporation, hereinafter called the Bank, against J. Rex King. J. Rex King, who is the same person as John Rex King, died during the pendency of the suit and the suit was revived in the name of Isabelle King, Executrix of his last will and testament.

The bill of complaint alleges that the Ace Drilling Company was a corporation, Dennis Layfield, J. Rex King and Hollie Stump being officers and principal stockholders thereof; and that Dennis Layfield, during the time the transactions hereinafter mentioned took place, was a teller employed by the plaintiff bank. The bill avers that Dennis Layfield, J. Rex King and Hollie Stump, in their individual capacities borrowed from the bank the sum of $3500.00 to be used for the purchase of certain property by the Ace Drilling Company; that J. Rex King, Hollie Stump and Dennis Layfield made their promissory note in the sum of $3500.00, payable thirty (30) days after date. The bill further alleges that when the note became due, Dennis Layfield unlawfully and feloniously stole and embezzled from the bank the sum of $525.00 and deposited such sum to the account of the Ace Drilling Company; that Dennis Layfield then caused a check to be issued by the Ace Drilling Company payable to the Bank in the sum of $515.00; that the check was paid out of the funds stolen and embezzled by Layfield in the sum of $515.00 as a payment on the principal and interest on the renewal note.

Plaintiff alleges that on or about the 19th day of April, 1949, a renewal note in the sum of $3000.00 of defendant J. Rex King, Hollie Stump and Dennis Layfield became due; that Dennis Layfield on or about such date stole and embezzled the sum of $3000.00 from the bank and deposited such sum in the account of the Ace Drilling Company; that Layfield then caused a check to be issued by the Ace Drilling Company to the plaintiff, which check was paid from the funds so stolen and embezzled.

Plaintiff avers that it was not aware of the theft and embezzlement by Layfield and that the notes representing the obligation were surrendered to the makers and that such notes have either been lost or destroyed.

It is averred that Layfield has been convicted of the crime of embezzlement in the United States District Court of West Virginia and sentenced to the Federal Penitentiary at Lewisburg, Pennsylvania.

It is also alleged that the obligations described by the plaintiff bank constituted part of the capital in the business of the plaintiff bank and were so assessed and taxed.

The bill of complaint alleges that J. Rex King, one of the makers on the note, benefited by the fraud and wrongdoing of Layfield; and charges that the amount of $3500.00 is due and owing from J. Rex King to the plaintiff bank. The amount of the principal and interest, at the time of the filing of the bill, was $4550.00. Plaintiff prays for a decretal judgment against J. Rex King.

The verified bill of complaint was filed at March rules, 1954, and a decree nisi was entered. The bill was taken for confessed at April rules, 1954, and the cause set for hearing. After April Rules, 1954, the defendant J. Rex King filed a paper entitled "Plea to the Jurisdiction of the Court", reading as follows:

"This defendant, in his own proper person for plea to the said Bill and the jurisdiction of the Court herein, says that the plaintiff has an adequate remedy at law, on the matters alleged in the Bill of Complaint; that the averments of the Bill of Complaint are such that the plaintiff can and must avail himself of the relief sought, at law; that this suit is for the recovery of a sum of money and the remedy at law is complete and the Court of equity does not have jurisdiction thereof.

And this he is ready to verify; wherefore he prays judgment if the Court will take cognizance of the suit aforesaid.

J. Rex King, Defendant
By Counsel."

The plea was verified by J. Rex King. On the 14th day of June, 1954, the defendant King filed his demurrer to the bill of complaint without objection by the plaintiff. It is unnecessary to state the reasons assigned in the written demurrer.

The plaintiff on July 16, 1954, moved the court to dismiss the demurrer of defendant, take the bill for confessed and to render judgment for plaintiff, invoking as authority for such motion the provisions of Code, 56-4-56. The trial court did not rule on the motion of plaintiff on the day it was made. Later, on the 18th day of August, the defendant moved the court to set his demurrer down for argument, which motion the court overruled. The defendant thereupon tendered his answer to the bill of complaint, denying any liability on the matters alleged in the bill of complaint and the notes described therein. On the 9th day of September, 1954, the trial court rendered a decree dismissing the demurrer of defendant, overruled a motion by the defendant to refer the cause to a commissioner; decreed that the demurrer and answer of the defendant be disregarded and entered a decretal judgment in behalf of the plaintiff for $3500.00 with interest at the rate of 6% per annum from the 18th day of March, 1949, being an aggregate sum of $4550.00.

The defendant prosecutes an appeal from the decree of the trial court and contends that that trial court committed error in overruling the plea in abatement. The other assignments of error may be summarized as follows: That the trial court committed error in refusing to consider defendant's demurrer and answer to the bill of complaint, in taking the bill of complaint for confessed and in rendering a decretal judgment for the sum claimed by the plaintiff.

The defendant challenges the jurisdiction of a court of equity and contends that the subject matter of this suit is properly cognizable in an action at law. Should that contention be sustained, Code, 56-4-56, would be in-

applicable under the plain language of the statute. An examination of the bill of complaint shows that the gravamen of the plaintiff's claim rests in the fraudulent conduct of Layfield, its former teller. The bill goes further and alleges that King received the benefit of the fraudulent conduct of Layfield. It is alleged that the original promissory note given by Layfield, King and Stump was surrendered upon the giving of a check curtailing the same and the renewal note in the amount of $3000.00 was likewise surrendered. The curtailment and final payment of these notes were paid from funds belonging to the bank and taken from the bank by the fraudulent conduct of its teller. "Fraud constitutes a distinct ground of equity jurisdiction." *Mankin* v. *Davis*, 82 W. Va. 757, 760, 97 S. E. 296. "Fraud is a well recognized ground of equity jurisdiction and the statement of this principle is often made without limitations, but it has its limitations nevertheless." *Swarthmore Lumber Co.* v. *Parks*, 72 W. Va. 625, 628, 79 S. E. 723.

It may be argued that the bill of complaint does not charge J. Rex King with fraudulent conduct. We do not agree with that argument. It is charged that he was one of the joint makers of the original and renewal notes; that the money derived from negotiation of the original note was used in a corporation in which King was one of the officers and principal stockholders. Such allegations clearly authorize an inference that he received the benefit of the proceeds of the note and was benefited by the fraudulent conduct of Layfield. "And he who knowingly accepts and retains any benefit under a contract tainted with fraud, or who uses the property acquired as his own, after the discovery of the fraud, or who does any positive act condoning the fraud, affirms the validity of the contract." Hogg's Equity Principles, 276. See *Horn* v. *Star Foundry Co.*, 23 W. Va. 522; 1 Story's Equity Jurisprudence, 13th Ed., §300.

The imputation to a beneficiary of a fraudulent conduct seems to rest on the theory that when he knowingly

accepts the benefits he is equally in the wrong with the principal actor in the fraud. It appears to us that this is a sound principle. It is a reasonable inference that if J. Rex King was a principal stockholder and an officer of the Ace Drilling Company, which company used the proceeds of the fraud by Layfield and one of the makers of the note from which the funds were derived, that he knew or should have known that the money ostensibly devoted to the payment of the note resulted from the fraud and theft by Layfield. We therefore conclude that this suit is properly cognizable in a court of equity.

The plea hereinabove quoted was designated by the defendant J. Rex King as a plea in abatement. It was verified by him. Now, counsel for the defendant administratrix contend that it is not in fact a plea in abatement, but a motion to dismiss. Among other reasons assigned is that it was filed too late to be treated as a plea in abatement. Code, 56-4-33 provides in substance that a plea in abatement must be filed at the next succeeding rules after the rules at which a decree nisi is entered. The decree nisi was entered at March rules and the plea was filed too late. However, see *Taylor* v. *Coal Co.*, 78 W. Va. 455, 88 S. E. 1070.

It is an unusual argument for a litigant to invite error and then to attempt to take advantage thereof. Invited error, if it was error to receive this plea, is not a ground for reversal.

The majority of this Court would treat this as a plea without saying it is a plea in abatement or otherwise. The writer of this opinion is convinced, upon analysis of its substance thereof, that it amounts to a demurrer to the bill. See *McKinley* v. *Queen*, 125 W. Va. 619, 624, 25 S. E. 2d 763; *Finance & Trust Co.* v. *Fierbaugh*, 59 W. Va. 334, 53 S. E. 468. But regardless of whether it is a plea or demurrer, the language of Code 56-4-56 hereinafter quoted applies to it with equal vigor in either case. The foregoing being true, we apply to the instant case the following statutory provisions:

"A plaintiff in equity may have any plea or demurrer set down to be argued. If the same be overruled, no other plea or demurrer shall afterwards be received, but the defendant shall file his answer, in court, if in session, or, if not in session, in the clerk's office of the court in which the suit is pending, within fifteen days after the overruling of his plea or demurrer, unless, for good cause shown, the time is enlarged by the court, or the judge thereof in vacation; and if he fail to appear and answer the bill within such fifteen days, or additional time, if any such be granted, the plaintiff shall be entitled to a decree against him for the relief prayed for therein, * * *".

In the case of *Barnes* v. *Warth*, 124 W. Va. 773, 22 S. E. 2d 547, this Court held that enlargement of the time for filing an answer must be done within the fifteen day period from the entry of an order overruling a plea or demurrer. This Court again considered Code, 56-4-56 in the case of *Strachan* v. *Insurance Co.*, 130 W. Va. 692, 44 S. E. 2d 845. In that case, the syllabus reads as follows: "Upon demurrer to a bill of complaint being overruled, and after the lapse of the time provided by Code, 56-4-56, for the filing of an answer or of a proper extension of that time as therein provided, without the incoming of an answer, the right of the plaintiff to a default decree as upon a bill taken for confessed becomes absolute. The opinions in the cases of *Mathews* v. *Dale*, 118 W. Va. 303, 190 S. E. 338; *Altmeyer* v. *Fassig, et al.*, 114 W. Va. 266, 171 S. E. 529, and *Carleton Mining & Power Co.* v. *West Virginia Northern R. Co.*, 113 W. Va. 20, 166 S. E. 536, are modified to the extent that they are not in accord with this syllabus."

This Court has held that the rule so laid down in the *Strachan* case is subject to exceptions. In *Smith* v. *Parkersburg*, 125 W. Va. 415, 24 S. E. 2d 588, it was held that when a ruling in a cause is before this Court on certificate that the 15 day period prescribed by Code, 56-4-56, does not limit the time within which an answer may be filed. Another exception relative to "filing an

answer" to a replication will be found in *Bank* v. *Ellison,* 133 W. Va. 9, 54 S. E. 2d 182. In *Powell* v. *Sayres,* 134 W. Va. 653, 60 S. E. 2d 740, the provisions of Code, 56-4-56 were held inapplicable to a proceeding upon an issue *devisavit vel non* under Code, 41-5-11. In *Trent* v. *Amick,* 137 W. Va. 842, 74 S. E. 2d 587, it was held that an answer could be filed to an amended bill of complaint which answer was filed prior to the action of the court on a demurrer or plea to the original bill. Code, 56-4-56 is applicable to suits for separate maintenance. See *Wolford* v. *Wolford,* 133 W. Va. 403, 56 S. E. 2d 614. The case of *Crouch* v. *Crouch,* 124 W. Va. 331, 20 S. E. 2d 169, by implication at least, applies the statutory rule laid down in Code, 56-4-56.

The instant case does not come within any of the exceptions to the statutory rule above noted. We see no reason to read into the statute additional matter nor are we cognizant of any reason for changing the rule announced in the syllabus in *Strachan* v. *Insurance Co., supra.* We therefore, in conformity with such rule, affirm the decree of the trial court.

*Affirmed.*